GIBLIN, Associate Justice
(specially concurring).
While I concur in the opinion of the justices with whom I have been privileged to sit that the order appealed from should be affirmed, the appeal is not frivolous and, because it is not, I think the appellant should be told why our decision is adverse to him.
The record reveals that after the appel-lee Imperial Crown Toy Corp. had obtained in the court below a judgment against the appellee Southern Jobbing Company, Inc., the appellee sheriff, on the demand of the judgment creditor, attempted to levy under the issued writ of execution on certain chattels as the property of the judgment debtor.
The appellant claimed the ownership and the right of possession of the chattels and the sheriff, before levying on the property, invoked the provisions of section 30.30(5) of the Florida Statutes F.S.A., and sought a determination by the court below of the question of whether the chattels were subject to levy under the writ.
The procedure prescribed by section 30.-30(5) was followed strictly, the issue was litigated and, on the evidence adduced, the trial judge determined that the chattels were subject to levy under the writ of execution.
The constitutionality or validity of section 30.30(5) is not challenged. Counsel for the appellant argue, however, that the *65 provisions of such section do not authorize the trial court to try the title or the right of possession of property claimed by a third party in the circumstances disclosed by the record. Counsel urges that, while the court is expressly authorized to “determine whether or not such property is subject to levy under the writ,” such determination can be only “advice” on which the sheriff may safely act without subjecting himself to liability for a wrongful levy and cannot be an adjudication that a third party claimant does not have title or the right of possession.
The argument seems to me untenable. It is true, of course, that one of the principal purposes underlying the enactment of section 30.30(5) was to provide protection to the officer by permitting him, before levying, to procure a determination of the question of whether property is subject to levy. Calhoun v. Pearson, Fla., 1951, 49 So.2d 603. Nevertheless, it is obvious that the provisions of the section were designed to prescribe proceedings which culminate in an adjudication of the rights of the contesting claimants. Calhoun v. Pearson, supra.
Counsel for the appellant further contend that if section 30.30(5) is to be given the construction which in my opinion we should give it, the appellant was denied “his traditional statutory right of trial by jury” accorded by section 55.39 et seq. of the Florida statutes.
An abrupt answer to the contention is that the appellant denied himself the right to have his asserted claim submitted to a jury for determination under section 55.39 et seq. by interposing his claim before levy. The provisions of such sections may be invoked only after levy. Section 30.30(5) provides for an adjudication of the rights of the contesting parties before levy by the court without a jury. All the appellant need have done to have assured himself of a right of trial’ by jury was to have submitted to the levy and then to have filed the requisite affidavit and bond under section 55.39. Instead, he elected to interpose his claim before levy. Incidentally, by doing so, he procured the advantage of litigating his claim without being required to furnish any bond.
The trial judge’s conclusion that the chattels involved were subject to levy is adequately supported by the evidence. In fact, we do not see how any other conclusion could have been reached.
Counsel for the appellant complain of the lower court’s order prescribing the amount and conditions of the bond which the appellant was required to file to effect a supersedeas of the order from which this appeal is prosecuted. If the supersedeas order was arbitrary or unreasonable or such as was for any other reason improper, it could have been reviewed and modified or discharged by this court, on the appellant’s motion, under 30 F.S.A. Supreme Court rule 35(e). No such motion was made. We ought not now review the order.
It is for the reasons stated that I am impelled to the conclusion that the order appealed from should be affirmed.