**MUNICIPALITY OF ANCHORAGE,**
**and the Anchorage Telephone**
**Utility, Petitioners,**

v.

**James CARTER, Respondent.**

**No. S–3350.**

Supreme Court of Alaska.

Oct. 17, 1991.

Monica Jenicek and Alex K.V. Vasauskas, Stone, Waller & Jenicek, Anchorage, for petitioners.

William J. Soule, Clark, Walther & Flanigan, Anchorage, for respondent.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Justice.

In this case we must decide whether the presumption of compensability applicable in workers' compensation cases pursuant to AS 23.30.120(a) of the Alaska Workers' Compensation Act[1] applies to a claim for continuing care under AS 23.30.095(a).[2] In addition, the circumstances of this case require us to pass on the availability of palliative care under the latter statute, which authorizes the Board to award continuing care beyond two years after the date of injury as is "necessary for the process of recovery." *Id.*

## FACTS AND PROCEEDINGS.[3]

The medical experts agree that Carter suffers from a form of degenerative disc disease. It is also undisputed that this condition is work-related. After a period of treatment by various chiropractors, Carter sought to obtain at his employer's expense as-needed chiropractic care and a hot tub.[4] Carter's employer controverted the claim for as-needed chiropractic care on the ground that it was no longer medically indicated. The employer's adjuster also refused to authorize the hot tub, which would cost, according to Carter's estimate, $4,595.

Carter sought the Board's review of these determinations. Under AS 23.30.095(a), the Board has authority to require that an employer pay for continuing care[5] for a work-related injury as the employee's "process of recovery may require."[6] Carter presented medical and other evidence at

1. That statute provides in part:
   In a proceeding for the enforcement of a claim for compensation under this chapter, it is presumed in the absence of substantial evidence to the contrary, that (1) the claim comes within the provisions of this chapter....

2. That statute provides in part:
   *Medical Examinations.* The employer shall furnish medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus for the period which the nature of the injury or the process of recovery requires, not exceeding two years from and after the date of injury to the employee.... It shall be additionally provided that, if continued treatment or care or both beyond the two-year period is indicated, the injured employee has the right of review by the board. The board may authorize continued treatment or care or both as the process of recovery may require.

3. Where, as here, the superior court functions as an intermediate court of appeal, we independently review the Board's findings of fact. *See*

*Burgess Construction Co. v. Smallwood* (*Smallwood III*), 698 P.2d 1206, 1210 (Alaska 1985). We review the Board's factual findings to determine whether they are supported by "substantial evidence." In making this determination, it is not our function to reweigh conflicting evidence. *Fairbanks North Star Borough School Dist. v. Crider*, 736 P.2d 770, 773 (Alaska 1987) ("The court need find only 'such relevant evidence as a reasonable mind might accept to support a conclusion.'") (citation omitted).

4. Dr. Barrington, a chiropractor, had recommended home hot bath treatments for Carter in response to Carter's observation that they made him feel significantly better. Carter first experienced hot-tubbing at a local spa. However, Carter subsequently established a homestead in Willow, Alaska, a remote locale not proximate to any spa. There is no bathtub in his house on the homestead.

5. Continuing care under the statute is care sought more than two years after the injury occurred.

6. *See infra* note 2.

the hearing tending to demonstrate the potential benefits to him of limited hot tub treatments and as-needed chiropractic care.[7] The Board held that there was "no objective evidence" that either as-needed chiropractic care or a hot tub could help Carter recover from his chronic condition, and therefore denied Carter's request for both, pursuant to AS 23.30.095(a).

Carter appealed, and the superior court reversed the Board's decision. The sole ground for the superior court's reversal was that the Board had not applied the presumption established by AS 23.30.-120(a)[8] to Carter's claim for continuing care. The court found Carter's medical evidence sufficient to raise the presumption, thus shifting the burden of production to Carter's employer to produce substantial evidence that Carter's requested and prescribed treatment was not required for his recovery. *See, e.g., Miller v. ITT Arctic Services Corp.*, 577 P.2d 1044, 1046 (Alaska 1978). Only upon adequate rebuttal by his employer would Carter's burden of proof require that he persuade the Board by a preponderance of the evidence, as the Board here required from the outset. *See, e.g., Veco, Inc. v. Wolfer*, 693 P.2d 865, 869–70 & n. 6 (Alaska 1985).

The Municipality of Anchorage petitioned this court for review of the superior court's decision. We granted the petition.

DISCUSSION.

A. *Whether the Presumption of Compensability Applies to Claims for Continuing Care Under AS 23.30.-095(a).*

■ Whether the presumption of compensability of AS 23.30.120(a) applies to shift the burden of production to the employer in proceedings to determine the compensability of continuing care under AS 23.30.095(a) is a legal question subject to *de novo* review by this court. *See, e.g., Miller*, 577 P.2d at 1046.

■ Alaska Statute 23.30.095(a) does not require the Board to provide continuing rehabilitative or palliative care in every instance. Rather, the statute grants the Board discretion to award such "indicated" care "as the process of recovery may require." *Id.* (*see supra* note 2). While we have not previously addressed whether the presumption provided for in AS 23.30.120(a) may be raised by an injured employee claiming a continuing, medically indicated need for care and treatment under AS 23.-30.095(a),[9] we have in the past applied the

---

**7.** At the hearing Carter presented his own and his wife's testimony, and the testimony of two chiropractors who had treated him, Barrington and Larson. The employer relied on the testimony of Dr. James, who had examined Carter for an hour at the employer's request.

Barrington stated that he did not usually recommend heat for the treatment of a spinal condition, but that hot baths would likely reduce Carter's pain, and could be "possibly helpful" to his recovery, although too much warm water bathing could worsen Carter's spinal condition by inflaming his sciatic nerve. Barrington also noted that a hot tub was not strictly necessary for Carter, and would primarily soothe leg cramps Carter was experiencing, apparently unrelated to his back injury.

Larson testified that Carter would probably suffer more without the continued as-needed chiropractic care he seeks. He further testified that the absence of changes in Carter's spinal condition during the period of Larson's chiropractic treatment of Carter suggested that the treatment may have halted Carter's degenerative disc disease, and that hot baths ("hydrotherapy") should be continued since they seemed to relieve Carter's pain.

Dr. James testified that continued chiropractic care was not medically indicated for

Carter; he recommended instead that Carter "begin a regular exercise program ... to enhance neck as well as back mobility, strength, and endurance." He concluded that "a hot shower would be adequate for delivery of heat and probably the safest mechanism to do so."

**8.** *See infra* n. 1.

**9.** The most typical application of the presumption of compensability established by AS 23.30.-120(a) is in proving work-relatedness. *See, e.g., Thornton v. Alaska Workmen's Compensation Board*, 411 P.2d 209, 211 (Alaska 1966) (presuming that an employee's heart attack suffered after climbing a tower in the course of employment was work-related rather than causally independent of the employment). *But see infra* note 12; *see also* Larson & Lewis, *The Alaska Workers' Compensation Law: Fact–Finding, Appellate Review, and the Presumption of Compensability*, 2 Alaska L.Rev. 1, 12 (1985) (presaging a broader construction of the presumption of compensability). We note that there is no relevant legislative history on the point in question.

presumption of AS 23.30.120(a) to non-causation issues.[10] Moreover, the text of AS 23.30.120(a) indicates that the presumption of compensability is applicable to any claim for compensation under the workers' compensation statute. We therefore hold, consistent with AS 23.30.120(a) and cases construing its language, that an injured employee may raise the presumption that a claim for continuing treatment or care comes within the provisions of AS 23.30.-095(a), and that in the absence of substantial evidence to the contrary this presumption will satisfy the employee's burden of proof as to whether continued treatment or care is medically indicated.

We do not view this construction of the presumption as inconsistent with the discretion accorded the Board under AS 23.30.095(a). The presumption shifts only the burden of going forward, not the burden of proof. *See, e.g., Kodiak Oilfield Haulers v. Adams,* 777 P.2d 1145, 1150 (Alaska 1989). The presumption will drop out if an employer adduces "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that continued care is either not indicated, or not indicated as the employee contends. *Id.* at 1150 (citing *Miller v. ITT Arctic Services,* 577 P.2d 1044, 1046 (Alaska 1978)). The employee then must meet her burden of proof by carrying a burden of persuasion without aid of any presumption or construction in favor of recovery. *See* 1988 SLA ch. 79 § 1(b). Finally, the Board retains discretion not to award continued care or treatment or to authorize care or treatment different from that specifically requested based on the requirements demonstrated either by the employee's raised and unrebutted presumption, or by the preponderance of the evidence, as further informed in each case by the "Board's experience, judgment, observations, unique or peculiar facts of the case, and inferences drawn from all of the above." *Kodiak Oilfield Haulers,* 777 P.2d at 1151.

**B.** *Whether AS 23.30.095(a) Precludes an Award for Purely Palliative Care.*

The Board held that AS 23.30.095(a) prohibits requiring the employer to pay for Carter's chiropractic care and hot tub because these measures are purely "palliative," not "necessary to the process of recovery," and thus not within the scope of AS 25.30.095(a). Specifically, the Board stated that " 'process of recovery' signifies long term improvement." Because there was no proof that Carter's degenerative disc disease could be cured by chiropractic care or use of a hot tub, the Board held that the statute prohibited it from requiring the employer to pay for such care, even though there was evidence before the Board tending to show that the proposed treatments alleviated Carter's condition.

We decline to read the "process of recovery" language so narrowly. A substantial number of jurisdictions provide compensation for purely palliative measures offering no hope of a permanent cure.[11] Moreover, courts have construed statutes phrased in terms similar to the "process of recovery" language of AS 23.30.095(a) as consistent with the Board's power to require the employer to pay for beneficial palliative care which offers no hope of a cure. *See, e.g., Talas v. Correct Piping Co.,* 435 N.E.2d 22 (Ind.1982) (nursing care for quadriplegic under statute permitting care "necessary to limit or reduce ... impairment"); *DiGiorgio Fruit Corp. v. Pittman,* 49 So.2d 600, 603 (Fla.1950) (medication and care for chronic thrombophlebitis to relieve "flare-up[s]").[12]

In *DiGiorgio,* the Florida Supreme Court reasoned that the recurrent effect of certain injuries warrants a construction of the "process of recovery" language to mean "a recovery from the [recurring] attacks." *Id.* at 603. We find this

---

**10.** In *Bailey v. Litwin Corp.,* 713 P.2d 249, 254 (Alaska 1986) we held that an employee presumptively remains temporarily totally disabled unless and until the employer introduces substantial evidence to the contrary.

**11.** *See* 2 A. Larson, *Workmen's Compensation Law* § 61:14 at 10-901—10-911 (1971).

**12.** *See also id.* at 10-907—10-909.

reasoning persuasive, and hold that the "process of recovery" language of AS 23.-30.095(a) does not preclude an award for purely palliative care where the evidence establishes that such care promotes the employee's recovery from individual attacks caused by a chronic condition.[13]

AFFIRMED as MODIFIED with instructions to REMAND to the Board for further proceedings consistent with this opinion.[14]

COMPTON, J., dissents in part.

MOORE, J., dissents.

COMPTON, Justice, dissenting in part.

AS 23.30.095(a) provides in part:

It shall be additionally provided that, if continued treatment or care or both beyond the two-year period is indicated, the injured employee has the right of review by the board. The board may authorize continued treatment or care or both as the process of recovery may require.

The court holds: 1) the presumption of compensability provided by AS 20.30.120(a) will satisfy the employee's burden of proof as to whether continued treatment or care is *indicated,* absent substantial evidence to the contrary; 2) if the presumption is unrebutted or ·the employee proves following rebuttal of the presumption that treatment or care is *indicated,* the board retains discretion not to award treatment or care, or to award treatment or care different from that requested; and 3) the phrase "process of recovery" includes palliative care.

The superior court noted that the "real issue is whether [Carter] is entitled to further chiropractic treatment even if it does not cure him or assist in his return to work." Although irrelevant to this issue, the superior court went on to remark that the board had not applied the statutory presumption contained in AS 23.30.120(a) to Carter's claim for continued treatment or care. The court remanded the case with directions that the board apply the presumption to Carter's claim.

The superior court's statement of the issue is correct, and indeed this court eventually addresses that issue. In the process it decides two issues that are not raised by Petitioners and that are irrelevant to the issue noted by the superior court.

Petitioners never argue that continued treatment or care was not indicated.[1] Clearly it was, as one can say with almost certainty that it always will be. The statutory threshold amounts to no more than a "bring in a letter from your doctor" requirement.

As I understand the court's decision, if a claimant who has already been receiving treatment or care for two years brings in a letter from his or her health care provider stating that continued treatment or care is *indicated,* that will constitute sufficient evidence to establish the preliminary link necessary to raise a presumption that continued treatment or care is *indicated.* The claimant then is entitled to board review, presumably to prove that continued treatment or care is *needed* and just what form

---

**13.** Respondent's contention that the Board erred in considering a report not properly before it (discussing Carter's prior experience with hot tubs) is without merit. In general, ex parte communications do not void an agency decision but instead render the decision voidable. Absent any indication that "the agency's decision making process was irrevocably tainted," *Southwest Sunsites, Inc. v. FTC,* 785 F.2d 1431, 1436 (9th Cir.1986) (quoting *PATCO v. FLRA,* 685 F.2d 547 (D.C.Cir.1982)), we conclude that any error was harmless.

**14.** In the circumstances of this case we do not reach the question whether the Board's failure to apply the presumption of AS 23.30.120(a) is harmless error, but remand so that the Board may redetermine the merit of Carter's claims in accordance with the applicability of the pre-

sumption and the recoverability of the costs of palliative care and treatment, as indicated in this opinion. *Cf. Burgess Const. Co. v. Smallwood, (Smallwood II),* 623 P.2d 312, 317 (Alaska 1981) (not applying substantial evidence test where Board had not applied "the proper legal test").

**1.** Petitioners assert that the presumption of compensability does not apply to *any* medical claim, and that the presumption is not intended "to assist Mr. Carter in establishing his continued *need* for chiropractic care." (Emphasis added). They assert that Mr. Carter has the burden of establishing his need for continued treatment by a preponderance of the evidence, an assertion which I believe to be correct and which reflects the position taken by the board.

it should take, and convince the board that it ought to grant the request. The board then exercises the discretion this court confirms is within the board's power to exercise, and either grants or denies the claimant's request. I cannot imagine what evidence from a claimant's health care provider would be rejected as not *indicating* continued treatment or care unless it says so expressly, in which case there is no issue.

I do not disagree that the board retains discretion to continue treatment or care, or to require that it be provided in a manner other than the claimant requests, or to deny it altogether. Also, to the extent that the board believed it was foreclosed from awarding palliative treatment or care, I agree that a remand is necessary. However, no issue was raised regarding Carter's indication of continued treatment or care; thus there is no need to address it. Furthermore, to apply a presumption to whether continued treatment or care is indicated is of no practical significance. The court does not suggest what is to be gained by holding that evidence that continued treatment or care is indicated raises a *presumption* that continued treatment or care is indicated. Since the reasons for establishing presumptions in workers' compensation law do not exist when all that must be established is that continued treatment or care is *indicated*, there is no basis for holding that the statutory presumption applies. The presumption is as illusory as it is nonsensical.

MOORE, Justice, dissenting.

Today the court holds that the presumption provided in AS 23.30.120(a)(1) that shifts the burden of producing evidence of work-relatedness from an injured employee to his employer shifts the burden of persuasion on the ultimate question whether a claim should be paid. The court thus requires AWCB "to presume that [an] in-

jured employee has a continuing, medically indicated need" for whatever treatment he might request more than two years after his injury. Majority op. at 664. Because AS 23.30.120(a)(1) is inapplicable to the question of compensability of continuing treatment, and the court today upsets the carefully engineered statutory scheme governing continuing treatment provided in AS 23.30.095, I respectfully dissent.[1]

I agree that the "process of recovery" language of AS 23.30.095(a) does not deny AWCB the power to authorize continued treatment or care, including purely palliative care, providing that it is indicated medically. Although AWCB appears to have believed that it was so constrained, its decision in this case clearly indicates that it also believed that the continued treatment requested by Carter was not indicated medically. That conclusion is reasonable. Because I believe AWCB was correct not to presume that Carter's proposed treatment was indicated medically and that AWCB reasonably found that the treatment was not medically indicated, I would reverse the decision of the superior court and uphold AWCB's decision.

AS 23.30.120(a) provides that "[i]n a proceeding for the enforcement of a claim for compensation under this chapter it is presumed, in the absence of substantial evidence to the contrary, that (1) the claim comes within the provisions of this chapter." This presumption relieves the employee from his initial burden of production of evidence that his injury is work-related. *Anchorage Roofing Co. v. Gonzales*, 507 P.2d 501, 504 (Alaska 1973). For many years, we have referred to this as "the presumption of compensability." *See* 507 P.2d at 503. While this name is convenient, the court errs in applying the name but not the statute.

The court ignores the statute by beginning its analysis with the assumption that the name "presumption of compensability"

---

1. At the outset I think it necessary to state an assumption on which my dissent rests. I assume that when the court says that it will apply the presumption of compensability to whether continued treatment or care is *indicated*, it means whether such care is *needed*. I regret

that unnecessary ambiguity in the court's opinion dictates that I proceed on the basis of this assumption. If the court indeed means *indicated*, then I agree with the observations of my dissenting colleague on this issue.

refers to a presumption that a claim for compensation should be paid. Thus presuming that a particular injury is work-related and therefore is merely "[t]he most typical application of the presumption...." *Supra* p. 664 n. 9. The court continues by casually observing that "[t]he text of AS 23.30.120(a) indicates that the presumption of compensability is applicable to all claims coming within the provisions of the Act." *Supra* p. 665. In fact, the text indicates only that there is a presumption that all claims come within the provisions of the Act. Relying on this erroneous premise, the court concludes that since there is nothing inconsistent with applying the court's presumption that all claims should be paid for continuing care, the presumption should be so applied. *Supra* p. 665. However, this result is absurd. AS 23.30.120(a) is facially inapplicable to claims for continuing care where, as here, there is no doubt that the Act applies.

The presumption of compensability, as understood until today, serves an important purpose, namely, to aid the employee who, while able to show she was disabled while physically present at work, is unable to demonstrate conclusively the cause of her injury.[2] That purpose is irrelevant to the court's holding today. The court instead seems to be motivated by a more general purpose of facilitating recovery by workers. The legislature has expressly disapproved of constructions of the Workers' Compensation Act favoring workers over employers: "The legislature declares that the workers' compensation law must not be construed by the courts in favor of any party. It is the specific intent of the legislature that workers' compensation cases be decided on their merits except when otherwise provided by statute." Ch. 79, § 1(b), SLA 1988. Today's decision is exactly the type of decision that provoked this extraordinary declaration of legislative intent.

The court radically transforms the operation of the presumption of compensability. The language of AS 23.30.120 is borrowed

from a New York statute. There, the presumption "cannot be used as a substitute for actual proof.... In truth, the presumption has no place in any case once the facts are fully developed; of necessity it fails in the presence of contrary evidence." *Wilson v. General Motors Corp.*, 298 N.Y. 468, 84 N.E.2d 781, 783 (1949). Until today, Alaska had the same rule: "the presumption of AS 23.30.120 places a burden on the employer to go forward with evidence.... Once competent evidence is introduced, the presumption drops out, and the final burden of proof ... as to all essential elements is on the claimant." *Anchorage Roofing*, 507 P.2d at 504.

In this case, there was no shortage of evidence on whether Carter's proposed treatment was indicated medically. In fact, medical experts were in substantial agreement that limited use of a hot tub *might* have some palliative effect, although greater use would be detrimental to Carter's condition. Because the record contains substantial evidence, the presumption, if it is applicable at all, should "drop out." I reject the court's holding that the presumption should somehow apply even when there is substantial evidence in the record to support the Board's decision.

The court's holding today is also a direct assault on the compromise between workers' and employers' interests reflected in AS 23.30.095. That section creates a scheme under which employers are required to provide medical care for covered injuries for a period of two years. After two years, AWCB *"may* authorize continued treatment," provided it is indicated medically, upon petition of the injured employee. The court turns this scheme on its head, requiring AWCB to presume that any continuing care requested by an employee is indicated medically and to order the employer to pay for it unless the employer can prove that the requested treatment is not indicated. I cannot agree with this interpretation.

I do, however, agree with the court's discussion of the "process of recovery" lan-

**2.** *See* Larson & Lewis, *The Alaska Workers' Compensation Law: Fact–Finding, Appellate Re-* *view, and the Presumption of Compensability*, 2 Alaska L.Rev. 1, 11 (1985).

guage in AS 23.30.095. Because denying AWCB the authority to authorize purely palliative care could lead to particularly harsh results in some cases, it is difficult to believe that the legislature intended "process of recovery" to be read so narrowly. Its inclusion in AS 23.30.095 of provisions for both "care" and "treatment" supports this interpretation. Like the court, I believe that AWCB has the discretion to authorize medically indicated continuing care or treatment, including purely palliative care.[3] However, if the presumption of compensability is inapplicable, it is unnecessary to reach this question. I would, therefore, reverse the decision of the superior court and uphold AWCB's decision.

---

**3.** It might not be an abuse of AWCB's discretion invariably to refuse to authorize purely pallia- tive care, but that question is best left for another day.