752 So.2d 696 (2000)
BETACO, INC., Appellant,
v.
COUNTRYWIDE HOME LOANS, INC., Appellee.
No. 2D99-212.
District Court of Appeal of Florida, Second District.
February 16, 2000.
*697 Charles A. Carlson of Barnett, Bolt, Kirkwood & Long, Tampa; and Helen Ann Hauser of Dittmar & Hauser, P.A., Coconut Grove, for Appellant.
Ronald L. Collier and Scott A. Haas of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellee.
BLUE, Acting Chief Judge.
In this foreclosure action, Betaco, Inc., appeals a judgment on the pleadings in favor of Countrywide Home Loans. We agree with the trial court and hold that the lien of judgment expired before the execution sale occurred. Accordingly, we affirm.
On March 10, 1977, Betaco's predecessor-in-interest recorded a judgment against the property owner. A writ of execution was issued in May 1979. In 1993, the property owner mortgaged the property; Countrywide held the mortgage at the time it went into default. On January 27, 1997, Betaco delivered instructions to the sheriff. The sheriff levied on the property on February 18, which was recorded several days later. A sheriffs sale was held and on April 17, 1997, Betaco's predecessor-in-interest took title by sheriffs deed. Betaco subsequently took title to the property by warranty deed.
An execution is valid and effective only during the life of the judgment on which it is issued. See § 56.021, Fla. Stat. (1997). Section 55.091, Florida Statutes (1977), provides that "no judgment ... shall be a lien upon real ... property within the state after the expiration of 20 years from the date of the entry of such judgment...." Betaco argues that as long as the sheriff levies on the property within twenty years, an execution sale occurring beyond the twenty-year period is timely and effective. Countrywide, on the other hand, argues that the twenty-year period is absolute and the execution levy and sale must be fully completed within that time in order to be effective. The trial court held that the deed to Betaco's predecessor-in-interest was a legal nullity because the lien expired before the sheriff held the sale. We agree and affirm.
The trial court's holding is supported by analogy to other Florida cases.[1] For example, in Young v. McKenzie, 46 So.2d 184 (Fla.1950), the court held that an execution expires when the life of the judgment expires. And in Calhoun v. Pearson, 49 So.2d 603 (Fla.1951), the court held that the life of a judgment was not prolonged by the sheriffs action in filing a petition with the court to determine whether he should levy upon certain property. The lienholder in Calhoun demanded that the sheriff levy on the property; at the time of the lienholder's demand, the judgment lien was valid. But at the time of the court's ruling on the sheriffs petition, more than twenty years had passed from the date of judgment and the lien was no longer valid. The court held that the statutory life of the judgment was not tolled by the sheriffs petition and, consequently, the judgment was barred. The distinguishing fact between this case and Calhoun is that here the sheriff did levy on the property. We conclude, however, that this fact is not controlling. Because the life of the judgment had expired on March 10, 1997, and the execution was not completed by that date, the lien was no longer valid at the time the execution sale took place.
Accordingly, we affirm.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] It also represents the view of a majority of other jurisdictions, to wit: the issuance or levy of an execution does not extend the statutory life of a judgment lien. See H.C. Lind, "Issuance or Levy of Execution as Extending Period of Judgment Lien," 77 A.L.R.2d 1064 (1961).