**Robert C. GILL, Merle A. Gill, and M.R.G. Enterprise, LLC, Plaintiffs,**

v.

**BLUEBIRD BODY COMPANY, Defendant.**

No. 5:02–CV–328(CAR).

United States District Court, M.D. Georgia, Macon Division.

Jan. 28, 2005.

T. Michael Flinn, Carrollton, GA, for Plaintiffs.

Edward H. Wasmuth, Jr., William V. Hearnburg, Jr., Atlanta, GA, Robert Russell Gunn, II, Thomas Peter Allen, III, Macon, GA, for Defendant.

## ORDER ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

ROYAL, District Judge.

Currently before the Court is Plaintiffs' Counsel's Motion to Amend Judgment to add Attorney's Fees and Costs after Jury Trial. [Doc. 69]. Plaintiffs are seeking $41,422.50 for services performed by attor-

ney T. Michael Flinn and a paralegal on Plaintiffs' behalf, as well as $2,032.46 in costs incurred in his representation of Plaintiffs. [Doc. 69]. This attorney has his own law practice in Carrollton, Georgia. Defendants responded to Plaintiffs' motion disputing the amount that Plaintiffs request and objecting to the number of hours expended on this matter. [Doc. 72]. Plaintiffs then replied seeking to justify the original amounts requested. [Doc. 75]. The Court will now determine an appropriate amount for attorney's fees and costs in this case.

## BACKGROUND

Plaintiffs filed their complaint on September 11, 2002. [Doc. 1]. They alleged breach of express warranty, breach of implied warranty of merchantability, and breach of written and implied warranty under the Magnuson–Moss Act. They claimed to be entitled to reject the motor home as defective and revoke their prior acceptance of the motor home. For these claims, Plaintiffs prayed for relief in the form of $782,000.00 actual damages, reasonable attorney's fees, exemplary damages, and statutory relief. The Court granted Defendant Blue Bird Motor Company's Motion and Amended Motion for Summary Judgment [Doc. 11, 39] and Holland Motor Homes' Motion for Summary Judgment and amendment [Doc. 23, 42]. This Order eliminated Plaintiffs' rejection and revocation claims and dismissed Holland Motor Homes entirely as a defendant in this case.

The remaining issues were tried before a jury on September 13, 2004. At trial, the issues to be decided were breach of express warranty under O.C.G.A. § 11–2–103, breach of implied warranty of merchantability under O.C.G.A. § 11–2–104, breach of written warranty under Magnuson–Moss 15 U.S.C. § 2301(3), breach of implied warranty under Magnuson–Moss 15 U.S.C. § 2310(d)(1), and damages. The jury found, by a preponderance of the evidence, that Defendant did not breach the express warranty but that Defendant did breach the implied warranty and that Plaintiffs were entitled to $100,000 in damages. [Doc. 66]. The jury also found that Plaintiffs were "consumers" for the purposes of the claims brought under the Magnuson–Moss Act. [Doc. 66].

The parties expressly reserved the issue of attorney's fees to be decided by the Court in their joint pretrial order. [Doc. 60]. After the termination of the trial, Plaintiffs moved for a determination of attorney's fees. [Doc. 69]. The Court withheld determining such an amount for an award of attorneys' fees until it ruled on Defendant's motion for judgment as a matter of law made during trial and renewed after trial. This motion was denied by an Order of this Court dated January 21, 2005. [Doc. 84]. The Court was then able to turn its attention to the affidavits and other documentation presented by Plaintiffs in support of their motion for attorney's fees and Defendant's response thereto. [Doc. 69, 72, 75]. The Court will address the amount of an award of attorney's fees.

## DISCUSSION

### I. *Amount of Attorneys' Fees to be Awarded*

 The only issue before the Court is what constitutes a reasonable fee. This figure, commonly referred to as the lodestar amount, is determined by multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction of the fee. *See Norman v. Hous. Auth. of Montgomery,* 836 F.2d 1292, 1302 (11th Cir.1988). The party seeking attorney's fees, Plaintiffs in this case, bears the burden of establishing a reasonable hourly rate and the number

of hours reasonably expended. *See id.* at 1303.

■ Ultimately, the trial court has the discretion to make a determination of a reasonable fee for attorneys to receive in such cases. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *See id.,* citing *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940) (Sibley, J.); *see also, Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting all Fifth Circuit decisions made prior to October 1, 1981 as binding precedent upon the Eleventh Circuit). Therefore, where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience. *Davis v. Board of School Commissioners of Mobile County,* 526 F.2d 865, 868 (5th Cir.1976); *see Bonner.*

### A. Reasonable Hourly Rate

■ In *Norman,* the Eleventh Circuit held that "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. In general, the relevant legal community is the place where the case is filed. *See Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994). The present case was filed on September 11, 2002, in Macon, Georgia, in the Middle District of Georgia. [Doc 1]. Plaintiffs' attorney practices in the Carrollton area, but Defendant's counsel practices in Atlanta. The Court finds that because the case was filed in Macon and the events surrounding the claims occurred near here as well, Macon, Georgia, is the relevant legal community for the purposes of establishing reasonable hourly rates.

■ The party requesting attorney's fees has the burden of "establishing entitlement and documenting the appropriate . . . hourly rate." *Norman,* 836 F.2d at 1304. While "the applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his market rate," that rate is not the final word. *Webster Greenthumb Co. v. Fulton County, Georgia,* 112 F. Supp 2d. at 1368. Plaintiffs cannot meet their burden of showing that a rate is reasonable merely by providing affidavits from the attorneys themselves. *See Norman,* 836 F.2d at 1299. To ensure objectivity, Plaintiffs' evidence must include comparisons to rates billed and paid in similar cases. *See id.* Plaintiffs may satisfy their burden by adducing direct evidence of rates charged by other attorneys in similar cases or by opinion evidence, but "[t]he weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Id.*

■ Here, as evidence of the reasonableness of his rate and hours spent, Plaintiffs present affidavits from the requesting attorney of his regularly charged rates as well as his contemporaneous time records and affidavits from three other attorneys who handle similar consumer actions cases. [Doc 69, Exhibits]. In the affidavit, attorney Flinn states that the rate he charged is a "reasonable hourly rate for the services rendered in this case." [Doc. 69, Ex. B]. Flinn personally does not cite any rates for other firms in the Macon area, which has been determined to be the relevant market for this case. "The parties ought to provide the court with a range of market rates for lawyers of different skill lev-

els (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." *Id.* at 1300. But the affidavits from the three other attorneys state that the "typical hourly rates charged by Georgia consumer advocates range from $175.00 to $350.00 per hour." [Doc. 69. Ex. C, D, E]. Each of those attorneys bills at $280.00, $220.00, and $250.00 respectively. [Doc. 69. Ex. C, D, E]. These attorneys claim to have handled such consumer cases across the state of Georgia and the United States but do not specify if these rates pertained specifically to the Macon market.

As the Eleventh Circuit has observed, "fee rates vary from lawyer to lawyer, case to case, and client to client." *Norman,* 836 F.2d at 1300. Even after the district court eliminates comparables offered by the parties that are not relevant to "the facts and circumstances of the case, the client, and the attorney before it," there usually is a range of possible prevailing market rates. *Id.* Differing legal skills, including experience and reputation, among attorneys in the relevant legal community ordinarily account for this range. *See id.* Although there is no precise formula by which an attorney's legal skill may be calculated, the relevant variables include the attorney's experience, ability to assess cases, expertise in negotiations and tactics, organization and efficiency, knowledge of trial practice and the substantive law, and persuasiveness. *See id.* at 1300–01. Thus, the Court must extrapolate the reasonable rate by assessing the legal skill demonstrated by the attorney in this case. *See id.* at 1301. Plaintiffs have proposed a rates of $225.00 per hour for Flinn and $75.00 per hour for Rachel Clayton, the paralegal.

### 1. Flinn

In support of Plaintiffs' proposed rate for Flinn, the attorney in the instant case, Plaintiffs submitted the affidavit of Flinn himself as well as his time records and the affidavits of three other attorneys in this same line of work. [Doc. 69, Exhibits]. Flinn testified that the rate of $225.00 as charged is reasonable for an attorney of Flinn's education, training, and experience. His affidavit states that he is a litigator with nineteen (19) years of experience specializing in consumer, lemon law, Uniform Commercial Code, and Magnuson–Moss matters. Based on its consideration of the arguments of the parties and its own experience of the prevailing rates for similar work in Macon, the Court finds that Flinn's level of experience and skill justifies a rate of $225.00 per hour in the instant case.

### 2. Clayton, Paralegal

Services performed by paralegals are also compensable under attorney's fees provisions. *See Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). Plaintiffs have requested a rate of $75.00 per hour for the paralegal involved in this case, but they have not presented any evidence of reasonable rates for services performed by paralegals. "Although the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee, where that party presents inadequate documentation the court may determine a reasonable award based on its own experience." *Mills v. Freeman,* 118 F.3d 727, 734 (11th Cir.1997) (per curiam); *see also Norman,* 836 F.2d at 1303. In light of the Court's own experience in awarding attorney's and paralegal's fees, the Court finds that $75.00 per hour is a reasonable rate for paralegals involved in a case such as the

one at bar. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1398 (11th Cir.1996) (finding that $45.00 per hour was a reasonable rate for services performed by paralegals in a civil rights case); *Brooks v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 3:98–CV–142 (DF), at 7 (M.D. Ga. filed Sept. 27, 2002) (finding that $50.00 per hour was a reasonable rate for services performed by paralegals in a civil rights case). Based on these cases, the Court finds that $75.00 is a generous, but just, rate for the work of the paralegal in this case.

### B. *Reasonable Hours Expended*

In determining which hours were reasonably expended, the Supreme Court requires that "excessive, redundant or otherwise unnecessary hours [be] excluded from the amount claimed." *Norman*, 836 F.2d at 1301 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). This means a party seeking to recover attorney's fees may not be compensated for hours that would not be billed to a client of means, regardless of the attorney's skill, reputation, or experience. *See id.* The Eleventh Circuit has noted that "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances" in order to reduce the number of hours claimed. *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir.1988). Flinn states in his affidavit that the hours expended and billed were reasonably necessary for the preparation of the case.

In this case, Defendant objects to the number of hours claimed in the attorney's fees assessment because it states that time expended on matters on which Defendants Holland and Blue Bird received summary judgment should not be included in the total hours. Defendant goes through and itemizes the hours that Plaintiffs' counsel spent preparing for and handling matters pertaining to their revocation and rejection claims against Defendants Holland and Bluebird which the Court found unmeritorious. Defendant claims that a total of $5,062.50 should be subtracted to reflect a reduction of the time spent on these claims. The Court finds Defendant's arguments to be persuasive regarding these amounts. Plaintiffs should not recover attorney's fees for time spent on unsuccessful claims, and Defendant's proposed reduction is a reasonable assessment of the time spent on such claims. Accordingly, the Court will reduce the hours claimed by 22.5 hours, reducing the total amount of fees by $5,062.50. *See Norman*, 836 F.2d at 1301.

### C. *Adjustments to the Lodestar*

The lodestar figure, which is determined by multiplying the reasonable rate by the reasonable hours expended, may be enhanced or reduced to account for the result obtained, the existence of a contingent fee arrangement, and the possibility of a delay in the receipt of payment by counsel for the prevailing party. *See id.* Plaintiffs' attorneys do not seek an enhanced fee so the Court does not find it necessary to analyze a possible enhancement to the lodestar.

However, Defendant does argue that the lodestar should be reduced by one-third (1/3) to reflect Plaintiffs' limited success overall in the case. Defendant argues that Plaintiffs lost their two major rejection and revocation claims by summary judgment and then also lost on the breach of express warranty and breach of implied warranty of fitness for particular purpose claims at trial, only succeeding on the breach of implied warranty of merchantability claim at trial. The Court finds this argument to have merit but finds that a reduction of one-third is un-

warranted. The Court recognizes that "if the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Hensley,* 461 U.S. at 436–37, 103 S.Ct. 1933. But, in doing so, the court may attempt to identify specific hours spent in unsuccessful claims *or* it may simply reduce the award by some proportion. *Id.* The Court, in its discretion, finds that the aforementioned reduction of 22.5 hours or $5,062.50 of the attorney's fees award is appropriate to accurately fulfill the attorney's fees provision of the Magnuson–Moss Act and to reflect the overall nature of Plaintiffs' success in this case. The Court does not find that an additional reduction of the lodestar figure is necessary.

## II. *Expenses*

Under 17 U.S.C. § 505, the court in its discretion may allow the recovery of full costs by or against any party in any civil action. Here, Plaintiffs' attorney has requested litigation expenses in the amount of $2,032.46. This amount reflects $279.76 in supplies and service fees, $150.00 in filing fees, $594.00 in deposition costs, $642.95 in travel costs, and $365.75 in photocopying costs. Based on Flinn's affidavit [Doc. 69, Ex. A], the Court finds that these expenses are legitimate and reasonable and awards them to Plaintiffs in full.

## CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** an award to Plaintiffs of $36,360.00 in attorney's fees as illustrated on the attached Appendix and $2,032.46 in litigation costs as itemized in the Exhibit A attached to Plaintiffs' Motion. [Doc. 69, Ex. A]. *See Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co.,* 207 F.3d 1247, 1252 (11th Cir.2000) (stating that court granting award of attorney fees should provide a summary table of how it arrived at calculation awarded). The Court recognizes that the attorneys or parties involved may not be satisfied with the awards made in this case, but settling fees in a case such as this is one of the more onerous duties of a trial judge, and the Court must consider the facts and apply the law and let the chips fall where they may.

## APPENDIX

### Calculation of Attorney Fees

*Flinn*

| | |
|---|---:|
| Total Hours Claimed | 179.10 |
| Deductions | 22.50 |
| Total Reasonable Hours (Total Hours Claimed less Total Deductions) | 156.60 |
| | |
| Reasonable Rate | $225.00/hr. |
| Total Attorney Fees(Total Reasonable Hours multiplied by Reasonable Rate) | $35,235.00 |

*Clayton, Paralegal*

| | |
|---|---:|
| Total Hours Claimed | 15 |
| Deductions | 0 |
| Total Reasonable Hours (Total Hours Claimed less Total Deductions) | 15 |
| | |
| Reasonable Rate | $ 75.00/hr. |
| Total Attorney Fees (Total Reasonable Hours multiplied by Reasonable Rate) | $1,125.00 |

*Total Attorney Fees*
 *Flinn, Attorney* $35,235.00
 *Clayton, Paralegal* $ 1,125.00

 **Total Attorney Fees Awarded** $36,360.00