936 So.2d 1203 (2006)
Donald H. HAMILTON and Cheri B. Hamilton, Appellants,
v.
FORD MOTOR COMPANY, a foreign corporation, Appellee.
No. 4D04-4955.
District Court of Appeal of Florida, Fourth District.
September 1, 2006.
*1205 Rebecca J. Covey of Rebecca J. Covey, L.L.C., Fort Lauderdale, for appellants.
Wendy F. Lumish and Alina Alonso of Carlton Fields, P.A., Miami, for appellee.

ON MOTION S FOR CLARIFICATION
MAY J.
We grant the parties' motions for clarification, withdraw our prior opinion, and substitute this opinion in its place. The plaintiffs appeal an attorney's fees judgment raising multiple issues. We reverse in part, and remand for further proceedings consistent with this opinion.
The plaintiffs initiated an arbitration proceeding against Ford Motor Company alleging their new truck was defective. The Arbitration Board denied relief. The plaintiffs then filed a complaint alleging claims under the Motor Vehicle Warranty Enforcement Act, section 681.112, Florida Statutes (2002) [Florida Lemon Law Act] and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310.
On June 12, 2003, the defendant served an offer of judgment on the plaintiffs in the amount of $100,000. The plaintiffs rejected the offer. The jury subsequently rendered a verdict for the plaintiffs of $76,240 on the Magnuson-Moss Warranty Act claim. Following the verdict, the defendant filed the offer of judgment with the trial court.
The plaintiffs then moved to compel the defendant to repurchase the vehicle and brand the title as a "lemon." They also moved for attorney's fees, seeking a lodestar amount of $152,227 and a 2.5 multiplier. On March 29, 2004, the trial court "denied" the plaintiffs' motion to compel in part, awarding them equitable relief in the form of access to the motor vehicle at the dealership for the purpose of removing it.
At the hearing on the plaintiffs' motion for attorney's fees and costs, each side presented expert testimony. The plaintiffs' expert testified that a reasonable hourly rate was $300-$400 per hour, the total number of hours expended (408) was reasonable, and a multiplier of 1.5 to 2.5 was appropriate. The defendant's expert testified to a reasonable hourly rate of $200-$250 per hour. He further opined that if the fees stopped accruing on the date the offer of judgment was served, then 111 hours was reasonable, of which "probably 70 to 80 percent might have been recoverable." Analyzing the number of hours through the date of the hearing, however, he opined that 250 hours would have been reasonably expended.
The trial court denied the plaintiffs' request for a multiplier finding "that Plaintiffs were not substantially prevailing parties under the ... [Florida] Lemon Law." It found time spent by plaintiffs' counsel traveling and performing "ministerial and clerical" tasks should be deducted from the documented hours. When the court signed the order, however, it left the space provided for the number of reasonable hours blank. The trial court then found $250 per hour to be a reasonable hourly rate.
The order also contained the following paragraph:
F. The Court finds persuasive the testimony of Defendant's expert witness, Glen Goldsmith, Esquire, that the offer of judgment has the effect of cutting off attorney fees from the date of said offer, when Plaintiffs would have been better off accepting the offer of judgement than going through with the litigation of their claim. Thereby, the Court finds that Plaintiffs' counsel costs and expenses from the date of the offer of judgment forward should be borne by *1206 Plaintiffs' counsel. Ford's written offer of judgment/proposal for settlement of June 12, 2003, would have made the plaintiffs whole thereby, attorney fees incurred after said offer of judgment do not accrue, since a party cannot continue to incur attorney fees after a legitimate offer of settlement. Scottsdale Ins. Co. v. DeSalvo, 748 So.2d 941, 943 (Fla. 1999).
The trial court awarded the plaintiffs $75,000 in attorney's fees and costs "accrued up to the time [the defendant] served the Offer of Judgment." The trial court disallowed any costs and expenses covered in the overhead of the law office, and denied attorney's fees for time expended in litigating the fee issue.
Each party filed a motion for clarification. The trial court then rendered a new order. In the new order, the trial court found 300 hours to have been reasonably expended on the case.
The plaintiffs first suggest the trial court erred in not awarding attorney's fees for the full 408 hours requested because they prevailed on both their Magnuson-Moss Warranty Act and Florida Lemon Law Act claims. We disagree. The Magnuson-Moss Warranty Act provides:
If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.
15 U.S.C. § 2310(d)(2) (2002) (emphasis added).
"As suggested by the statutes, an award of attorneys' fees is not automatic; rather, the party seeking fees bears the burden of proving that the fee request is reasonable by submitting evidence to support the hours worked and the rates charged." Hines v. Chrysler Corp., 971 F.Supp. 212, 214 (E.D.Pa.1997) (citation omitted); Gill v. Bluebird Body Co., 353 F.Supp.2d 1265, 1268-69 (M.D.Ga.2005). Similarly, under the Florida Lemon Law Act, "[t]he court shall award a consumer who prevails in such action the amount of any pecuniary loss, litigation costs, reasonable attorney's fees, and appropriate equitable relief." § 681.112(1), Fla. Stat. (2002) (emphasis added). In other words, these statutes allow for an award of reasonable attorney's fees, they do not mandate an award equal to that requested by the consumer.
The plaintiffs next argue the trial court erred in relying on an improperly filed offer of judgment and improperly admitted expert testimony in deciding the amount of attorney's fees. We agree that the defendant should not have filed the rejected offer of judgment because the plaintiffs' recovery was not 25% less than the offer. See § 768.79(1), Fla. Stat. (2002).[1] We also agree that the court should not have admitted the defense expert's testimony concerning the rejected offer of judgment. And, it is clear from paragraph F. of the order that the court referenced not only the wrongly filed offer, but the defense expert's testimony. For these reasons, the order must be reversed.
*1207 The plaintiffs' third argument concerns whether fees can be awarded for time spent litigating the issue of attorney's fees. They argue that the Magnuson-Moss Warranty Act controls state law in this area and entitles them to attorney's fees incurred in litigating the fee issue. We agree.
Federal courts "have consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee [i]. e. for time spent on the fee application and successful fee appeals." Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir.1978) (emphasis added). The Magnuson-Moss Warranty Act is a fee authorization statute. The plaintiffs may therefore recover attorney's fees for time spent on litigating this issue.[2]
The use of the word "may" indicates the trial court has discretion in awarding such fees. Here, the order simply stated the court "denie(d) Plaintiffs' request for attorney fees expended litigating the issue of attorneys' fees." It is unclear if the trial court denied the plaintiffs' request because it believed it did not have the discretion to award attorney's fees for time spent litigating the issue of a reasonable fee or because it simply denied the plaintiffs' request for attorney's fees for litigating this issue. Upon remand, the trial court may revisit this issue should it choose to do so.
The plaintiffs next claim the trial court erred in adopting the defendant's proposed order for attorney's fees and that the order was inconsistent with the court's prior rulings. See Perlow v. Berg-Perlow, 875 So.2d 383, 384 (Fla.2004). As we are reversing and remanding the case, this issue is now moot.
The plaintiffs next argue the trial court incorrectly found they were not the substantially prevailing party in their Florida Lemon Law Act claim and that they are entitled to a multiplier. The defendant argues the plaintiffs were not the substantially prevailing party under the Florida Lemon Law Act because the trial court specifically denied their requested equitable relief.
The test for determining the substantially prevailing party is "whether the party succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Padow v. Knollwood Club Ass'n, 839 So.2d 744, 745 (Fla. 4th DCA 2003) (internal quotations and citations omitted). In this case, the plaintiffs sought to have the defendant repurchase the motor vehicle and notify the Department of Motor Vehicles of the repurchase. See §§ 681.104(2)(a), 681.114(1), Fla. Stat. (2002). The trial court denied this relief, but allowed the plaintiffs access to the defendant's dealership to retrieve the vehicle. Because the plaintiffs did not prevail in their requested relief, they were not the substantially prevailing parties on their Florida Lemon Law Act claim.
And last, the plaintiffs argue, and the defendant agrees, the trial court erred in failing to award costs under the Magnuson-Moss Warranty and Florida Lemon Law Acts, and interest on the attorney's *1208 fees judgment. Upon remand, the trial court should address these issues.
Reversed and Remanded.
STONE and GROSS, JJ., concur.
NOTES
[1] The defendant offered the plaintiffs $100,000. The jury awarded them $76,240. This rendered the offer of judgment inadmissible. § 768.79(8), Fla. Stat. (2002).
[2] In Florida, generally, "statutory fees may be awarded for litigating the issue of entitlement to attorney's fees but not the amount of attorney's fees." State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993). As the total number of hours expended is not broken down between the Florida Lemon Law and the Magnuson Moss Warranty Act, the plaintiffs may be entitled to the hours spent in litigating the fee issue as they relate to the Magnuson Moss Warranty Act claim.