DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FREDERICK LONGO,**
Appellant,

v.

**ASSOCIATED LIMOUSINE SERVICES, INC.** and **LIMOUSINE MANAGEMENT, INC.,**
Appellees.

No. 4D17-516

[ January 24, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. CACE10-045646 (09).

Mark W. Rickard of Law Guard, Plantation, for appellant.

Edward J. Jennings and Jenna L. Wulf of Edward J. Jennings, P.A., Fort Lauderdale, for appellees.

TAYLOR, J.

The judgment creditor, Frederick Longo, appeals a final order denying his Motion for Proceedings Supplementary to Execution and to Implead. We affirm in part and reverse in part. We find that the trial court erred in denying the judgment creditor's request for proceedings supplementary, but that the trial court properly refused to issue Notices to Appear to the proposed impleader defendants where the judgment creditor's motion and affidavit did not satisfy the description requirement of section 56.29(2), Florida Statutes (2016). However, our affirmance on the impleader issue is without prejudice to the judgment creditor submitting a supplemental affidavit in compliance with section 56.29(2).

### Facts

In 2011, the judgment creditor obtained a final judgment against the judgment debtor, Associated Limousine Services, Inc., in the amount of $623,370.05.

On June 29, 2016, the judgment creditor filed a Motion for Proceedings Supplementary to Execution and to Implead, alleging that the final judgment remained unsatisfied and that the judgment debtor was administratively dissolved in 2012. Attached to the motion was an Affidavit of Unsatisfied Final Judgment.

In the motion, the judgment creditor named the judgment debtor as a respondent, moved the court to grant proceedings supplementary, and requested an order directing Robert Boroday, as the sole officer of the judgment debtor, to appear before the court for an examination of the judgment debtor's assets and finances.

The judgment creditor also sought to implead Robert Boroday, three other members of the Boroday family, and eight business entities connected to the Boroday family. The parties that the judgment creditor sought to implead will be collectively referred to as the "impleader defendants."

The judgment creditor essentially alleged that the impleader defendants were operating a business that was a continuation of the judgment debtor's business. The judgment creditor further alleged that the eight business entities named as impleader defendants were "alter egos of the Judgment Debtor and the Boroday family business." Among other things, the judgment creditor claimed that the impleader defendants:

- Conspired to organize and operate alternate business entities that would acquire the accounts and clients of the judgment debtor, while avoiding creditors;

- Comingled assets with each other and the judgment debtor;

- Acted and operated as a single business entity;

- Used fictitious names that were similar to and substantially the same as the judgment debtor; and

- Profited from the judgment debtor's business, procured the judgment debtor's clients for their own benefit, and attempted to conceal the transactions to prevent existing creditors from collecting from the judgment debtor.

The judgment debtor did not file any response to the judgment creditor's motion for proceedings supplementary. However, the impleader

2

defendants moved to dismiss, arguing that the judgment creditor failed to comply with section 56.29, Florida Statutes (2016).

Following a hearing, the trial court denied the judgment creditor's motion in its entirety. The court found, in relevant part, that the judgment creditor did not comply with section 56.29(2), Florida Statutes (2016), as the judgment creditor's motion and affidavit failed to describe any property whatsoever of the judgment debtor in the hands of the impleaders or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment.[1] The judgment creditor appealed.

### *Standard of Review*

Where a trial court's ruling on a motion for proceedings supplementary presents an issue of law, the standard of review is de novo. *Sargeant v. Al-Saleh*, 137 So. 3d 432, 434 (Fla. 4th DCA 2014).

### *Background on Proceedings Supplementary*

Section 56.29, Florida Statutes (2016), governs proceedings supplementary, which allow for a judgment creditor "to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to the execution." *Young v. McKenzie*, 46 So. 2d 184, 185 (Fla. 1950). The statute governing proceedings supplementary is "equitable in nature and should be liberally construed." *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008).

Proceedings supplementary "enable speedy and direct proceedings in the same court in which the judgment was recovered to better afford to a judgment creditor the most complete relief possible in satisfying the judgment." *Zureikat v. Shaibani*, 944 So. 2d 1019, 1023 (Fla. 5th DCA 2006). "The statutory procedure was designed to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor's bill." *Regent Bank v. Woodcox*, 636 So. 2d 885, 886 (Fla. 4th DCA 1994).

Judges thus have the power and duty "to bring in and implead third parties wherever it appears relief against them may be warranted."

---

[1] In the order, the trial court first determined that section 56.29, as amended on July 1, 2016, was a procedural statute that would be applied retroactively to the case, even though the judgment creditor's motion was filed on June 29, 2016. The judgment creditor does not challenge this ruling on appeal.

*Richard v. McNair*, 164 So. 836, 840 (Fla. 1935). However, "an order allowing impleader of third parties under section 56.29 does no more than allow third parties to be sued, and does not determine any substantive rights." *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So. 2d 1027, 1028 (Fla. 4th DCA 1998).

Section 56.29, as amended effective July 1, 2016, now states in relevant part:

> (1) When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.
>
> (2) The judgment creditor *shall, in the motion described in subsection (1)* **or in a supplemental affidavit**, *describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment.* Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear. The Notice to Appear shall direct such person to file an affidavit . . . stating why the property, debt, or other obligation should not be applied to satisfy the judgment. . . . *The Notice to Appear must describe* **with reasonable particularity the property, debt, or other obligation** *that may be available to satisfy the judgment*, must provide such person with the opportunity to present defenses, and must indicate that discovery as provided under the rules of civil procedure is available and that there is a right to a jury trial as provided in s. 56.18. . . . A responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses . . .

§ 56.29(1), (2), Fla. Stat. (2016) (emphasis added).

4

The 2016 amendment left section 56.29(1) largely unchanged, but substantially amended section 56.29(2) in order to clarify the procedure for bringing non-parties into proceedings supplementary. *See* Ch. 2016-33, § 19, Laws of Fla.

### *Whether the Trial Court Erred in Denying Proceedings Supplementary?*

On appeal, the judgment creditor first argues that the trial court erred in denying proceedings supplementary to execution where he filed a motion and affidavit that fully complied with section 56.29(1). We agree.

To initiate proceedings supplementary, section 56.29(1) "requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012). When a judgment creditor holds an unsatisfied judgment and files a motion and affidavit in compliance with section 56.29(1), "the judgment creditor is entitled to these proceedings supplementary to execution." § 56.29(1), Fla. Stat. (2016). "Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion." *Biloxi Casino Corp. v. Wolf*, 900 So. 2d 734 (Fla. 4th DCA 2005).

Here, the trial court erred in denying the judgment creditor's request for proceedings supplementary. The judgment creditor's motion and affidavit satisfied the requirements of section 56.29(1), so the judgment creditor was entitled to proceedings supplementary. The trial court's ruling was based on section 56.29(2), but that provision governs the process for bringing third parties into proceedings supplementary. The judgment creditor's entitlement to proceedings supplementary is a separate issue from whether the judgment creditor complied with section 56.29(2)'s procedure for impleading third parties into the proceedings.

Notably, under section 56.29(2), the required description of "any property of the judgment debtor . . . or any property, debt, or other obligation due to the judgment debtor" need not be provided in the initial motion and affidavit, but may instead be provided in a supplemental affidavit. Moreover, section 56.30 allows for the examination of the judgment debtor to occur *before* a third party is issued a Notice to Appear. *See* § 56.30, Fla. Stat. (2016). This provision contemplates that proceedings supplementary may be commenced, and discovery may occur, *before* the impleader of third parties.

In short, because the judgment creditor submitted a motion and affidavit in compliance with section 56.29(1), the trial court erred in denying proceedings supplementary altogether.

### *Whether the Trial Court Erred in Denying Impleader of Third Parties?*

The judgment creditor next argues that the trial court erred in denying the impleader of third parties. We disagree, but our affirmance on this issue is without prejudice to the judgment creditor submitting a supplemental affidavit in compliance with section 56.29(2).

As noted above, section 56.29(2) governs the process of impleading third parties into proceedings supplementary. The plain language of section 56.29(2) requires that a judgment creditor "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." § 56.29(2), Fla. Stat. (2016). Moreover, when a trial court issues a Notice to Appear to a third party, the Notice to Appear "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment . . . ." § 56.29(2), Fla. Stat. (2016).

Simply put, the entire statutory scheme of section 56.29(2) contemplates that the judgment creditor describe "any property of the judgment debtor" or "any property, debt, or other obligation due to the judgment debtor" that may be applied to satisfy the judgment, so as to enable the trial court to issue Notices to Appear that describe the property, debt, or other obligation "with reasonable particularity."

Here, the trial court properly refused to issue Notices to Appear to the impleader defendants. The judgment creditor's motion and affidavit failed to comply with section 56.29(2)'s requirement to "describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment." Thus, the judgment creditor failed to meet the statutory prerequisite for the trial court to issue Notices to Appear to the impleader defendants.

The judgment creditor complains that the trial court should have given section 56.29 a liberal construction. This argument is unpersuasive. While it is true that section 56.29 is a remedial statute, the rule of liberal construction "comes into play only when there is some ambiguity in the

statutory text." *Gallagher v. Manatee Cty.*, 927 So. 2d 914, 919 (Fla. 2d DCA 2006). "When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005). Here, the description requirement in section 56.29(2) is clear and unambiguous. Indeed, while the judgment creditor urges us to adopt a liberal interpretation of the statute, he fails to explain what such an interpretation might be, apart from simply ignoring the plain language of the statute.

To be sure, we have some practical concerns with the 2016 amendment to section 56.29(2), but those concerns do not change our conclusion. Although the current statutory scheme set forth in section 56.29(2) is well-suited to fraudulent transfer cases, it is unclear if the legislature contemplated cases involving alter ego liability.

Before the 2016 amendment to section 56.29, Florida case law permitted a judgment creditor to implead third parties into proceedings supplementary based on a showing that the third parties were the alter egos of the judgment debtor. *See, e.g.*, *Johnson v. Merry Go Round, Inc.*, 45 So. 2d 181 (Fla. 1950). For example, applying an earlier version of section 56.29, we explained that "a court may fashion an appropriate equitable remedy to afford a judgment creditor as complete relief as possible including finding a new corporation liable for a judgment against its predecessor corporation when the new corporation is merely the alter ego of the predecessor corporation." *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 150 (Fla. 4th DCA 1994).

The concept of alter ego or continuation of business "arises where the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name." *Id.* at 154. "The bottom-line question is whether each entity has run its own race, or whether there has been a relay-style passing of the baton from one to the other." *Orlando Light Bulb Serv., Inc. v. Laser Lighting & Elec. Supply, Inc.*, 523 So. 2d 740, 742 n.1 (Fla. 5th DCA 1988) (citation and internal quotation marks omitted).

In cases where the judgment creditor is seeking to implead a third party on the basis that the third party is the alter ego of the judgment debtor (as opposed to cases where the third party is the recipient of a fraudulent transfer of property), it seems odd to require the judgment creditor to "describe any property of the judgment debtor" or "any property, debt, or other obligation due to the judgment debtor." A third party's liability under an alter ego theory is not premised upon a fraudulent transfer of the

judgment debtor's property, but is instead premised on the notion that the judgment debtor and third party should be treated as the same entity. Still, the description requirement in section 56.29(2) is a clear requirement of the statute, and the judgment debtor failed to satisfy that requirement in this case.

Based on the foregoing, we affirm the trial court's order to the extent that the trial court refused to issue Notices to Appear to the impleader defendants. However, our affirmance on this issue is without prejudice to the judgment creditor inquiring further into the assets of the judgment debtor and submitting a supplemental affidavit in compliance with section 56.29(2).

Furthermore, to provide clarity on remand, we conclude that in cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment.

Contrary to the impleader defendants' suggestion, the judgment creditor's affidavit does not need to identify property that had been *transferred* to the impleader defendants. Because a judgment debtor and an alter ego are treated as the same entity, we find that section 56.29(2)'s required description of "any property of the judgment debtor . . . or any property, debt, or other obligation due to the judgment debtor" may include property of an alleged alter ego of the judgment debtor. *Cf. In re Am. Int'l Refinery*, 402 B.R. 728, 744–45 (Bankr. W.D. La. 2008) (because the law deems a corporation and its alter ego to be a single entity, a debtor corporation has an equitable interest in the assets of its alter ego).

### *Conclusion*

We reverse the trial court's denial of proceedings supplementary, but affirm the trial court's refusal to issue Notices to Appear to the impleader defendants.[2] Our affirmance on the impleader issue is without prejudice

---

[2] The judgment creditor also argues that the trial court erred in entering a proposed order prepared by counsel for the impleader defendants without giving the judgment creditor's counsel an opportunity to review it. Because we are reversing in part and remanding for further proceedings, we find this issue to be moot. *See Hamilton v. Ford Motor Co.*, 936 So. 2d 1203, 1207 (Fla. 4th DCA 2006)

to the judgment creditor submitting a supplemental affidavit in compliance with section 56.29(2). We remand for further proceedings consistent with this opinion.

*Affirmed in part, Reversed in part, and Remanded.*

WARNER and DAMOORGIAN, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

(alleged error in adopting a party's proposed order was moot where we reversed in part on other grounds and remanded for further proceedings).