J. T. WHITING, PLAINTIFF IN ERROR, VS. J. D. GRAY, DEFENDANT IN ERROR.

1. Where no time is expressed in an executory contract for its performance the law implies that it shall be performed in a reasonable time.

2. Where by the terms of a contract lumber is to be delivered "commencing from the 10th of July or as soon thereafter as vessel can be ready," and the parties when making the contract have in view no particular vessel to transport the lumber, but understand that the party purchasing the lumber will have to charter a vessel for such purpose, it is his duty to have the vessel ready within at least such time after the mentioned tenth day of July as under the circumstances would be a reasonable time for chartering one and having it ready to receive the lumber.

Writ of Error to the Circuit Court for Walton county.

The facts of the case are stated in the opinion of the court.

*Blount & Blount* for Plaintiff in Error.

*Mallory* and *Maxwell* for Defendant in Error.

RANEY, C. J. :

Plaintiff in error sued defendant in error for damages sustained by the former by the failure of the latter to keep and perform a contract between them made June 11th, 1886, at Pensacola, whereby the defendant agreed to sell, and the plaintiff to buy 350,000 feet of pitch pine lumber at a stated price to be delivered on cars alongside of vessel at a specified wharf, at the rate of not less than twenty thousand feet per day, "commencing from the 10th of July, or as soon thereafter as vessel can be ready," payment to be made in cash upon completion of loading and signing of bill of lading.

The declaration alleges the making of the contract, and makes a copy thereof a part of itself, and avers that at the time of the execution of the contract the plaintiff and defendant had in view no particular vessel to transport the lumber, but it was understood between them that a vessel to transport it should thereafter be chartered by the plaintiff; that the plaintiff has done and performed all things to be done and performed under the contract, and that as soon after the

10th day of July, 1886, as a vessel to transport the lumber could be procured, he procured the same and advised the defendant thereof, and demanded from him a delivery of the lumber, and that the defendant refused to deliver it or any part thereof to plaintiff, and still refuses to do so; and by reason of such breach the plaintiff was put to great expense, and lost great gains and profits which he would otherwise have made, viz: $2,000.

To this declaration pleaded the defendant: That though no time was fixed in the contract for chartering a vessel to transport the lumber to be delivered by defendant, the plaintiff was bound by the contract to charter a vessel in a reasonable time, which plaintiff did not do, and it is not true that the plaintiff has done and performed all things to be done and performed by him; that the defendant cut the lumber according to contract and was ready and offered to deliver the same, but the plaintiff would not receive it within a reasonable time.

This plea was demurred to as containing no sufficient defense, and the court overruled the demurer.

There was also another plea, which it is unnecessary to recite, as the only alleged error relied upon for a reversal of the judgement. *dismissing* the action is the ruling upon the demurrer to the first plea. The other error assigned is abandoned.

The first question to be considered is the meaning of

the contract as to the time when the delivery of the lumber was to commence. The duties of the plaintiff and defendant as to delivering and receiving were reciprocal. If the vessel should not be ready on the tenth of July, 1886 the contract not only contemplated that the defendant should commence delivery as soon thereafter as she should be ready within the legal meaning of the terms "as soon thereafter as the vessel can be ready," but it also imposed upon the plaintiff the duty of having her ready to receive the lumber at the designated place within such time as the quoted words mean. What then is the meaning of the terms quoted?

Plaintiff's counsel admit that where a contract, of the character of this one, does not specify the time for performance the law is that it shall be performed within a reasonable time, but urge that here the parties have fixed the time without reference to reasonableness, and hence that the rule of the law which, when the contract is silent as to time, impliedly inserts reasonable time the same as if it had been expressly agreed upon and inserted by the parties, cannot be invoked.

The meaning of the contract, or intention of the parties, considering the alleged circumstances under which it was made as to chartering a vessel, which circumstances are admitted by the plea, they contend to be that the vessel should be procured by the plaintiff as soon as she in fact could be, but he was not re-

quired to commit himself to any certain time, and did not do so; that there was uncertainty as to when he might procure her, but no uncertainty as to the intention of the parties to wait until it should be done, and when he did do it, he was to have her ready and the time for commencement of delivering would arrive; that, by the contract, the plaintiff was to charter her and have her ready as soon as it was possible to do so, and that this being the intention of the parties the defendant cannot enterpolate into the contract the requirement that the vessel must be procured and be ready within such a time as under the circumstances surrounding the parties would, in the absence of the above provision of the contract, be a reasonable time.

Though where an entire contract fails to express the time for its performance of the commencement of performance, parol evidence cannot be introduced to show that a specified time was agreed upon by the parties, or that the time for performance is other than a reasonable time, yet it seems to be the law that the circumstances surrounding the parties at the time, including even conversations between them, may be introduced to aid in the ascertainment of what was a reasonable time. Cocker & Co. vs. Franklin H. & F. Manufacturing Co., 3 Sumner, 530; Ellis vs. Thompson & Kebbel, 3 Meeson & W., 445. And it is upon this theory that the allegations of the declaration as to the parties having in view no particular vessel,

and their understanding that plaintiff should charter a vessel, have been put into the declaration. Admitting as we may for the purposes of this decision without concluding ourselves as to future cases, that the allegations are admissable and the contract sued on is to be construed in their qualifying light, we are still unable to conclude that the meaning of the quoted provision as to the time within which the vessel was to be chartered and ready is anything else than that it was to be done in a reasonable time. The obligation of the plaintiff was to have a vessel ready as soon as he could, and it was understood by the parties that to have one ready, he had to charter her; and this means nothing more than that as he did not then have a vessel, he was still to have her ready within such time as would be a reasonable time for chartering one and getting her ready, to receive the cargo; or, in other words, to have her ready in what under the circumstances, or considering that the plaintiff had to charter one, would be a reasonable time.

We do not think it reasonable to hold that the parties meant by the terms used, though considered in the light of the circumstances alleged in the declaration, that the defendant was to be bound to deliver the lumber whenever the plaintiff might charter a vessel however long it might be before he could in fact do so; or, in other words, that his obligation would continue indefinitely until the plaintiff succeeded in

chartering a vessel. In Nunez vs. Dautel, 19 Wall., 560, the contract was to pay money "as soon as the crop can be sold or the money raised from any other source," and the Supreme Court of the United States held that no time having been specified within which the crop should be sold or the money raised otherwise, the law annexed as an incident that one or the other should be done in a reasonable time; that payment was not wholly or finally conditional or dependent upon the alternative mentioned, but that the stipulations secured to the promisors a reasonable amount of time within which to procure in one mode or the other the means necessary to meet the liability, and upon the occurrence of either event or the lapse of such time the debt became due; that it was not the intention of the parties that if the crop were destroyed, or from other cause could never be sold, and the defendants could not procure the money from any other source the debt should never be paid; that this would be a mockery of justice. In Hicks vs. Shouse, 17 B. Monroe, 483, the defendant's obligation was to pay "so soon as I sell my house and lot in the city of Lexington, and until said sale is made I promise to pay eight per cent. interest on said sum," and it was held that the principal sum was due in a reasonable time; that a reasonable construction, carrying out the intention of the parties and their understanding, was that the house and lot were to be sold in a reasonable time, or

the money paid without a sale; that the argument of defendant's counsel lead to the conclusion that the defendants by paying interest annually might postpone the payment of the debt to an indefinite period, which did violence to all reasonable calculation. And in Ubsedell & Pierson vs. Cunningham, 22 Mo., 124, where one of the obligations acknowledged indebtedness to the plaintiffs, "to be paid over to them as soon as collected at P., now in the hands of H. B. P. at that place," and the other "to be paid as soon as collected from my accounts at P.," it was held they were not mere conditional obligations, and that the words "to be paid," &c., prescribed the time of payment by reference, not to days or years, but to a reasonable time for the collection of the accounts. In Hydraulic Engineering Co. vs. McHaffie, Law Reports, 4 Q. B. Div., 670, plaintiffs contracted with J. to make a machine for driving piles, and defendants contracted with plaintiffs to make "as soon as possible a certain part of it called "a gun," and were aware that the machine was wanted by J. at the end of August, but did not furnish the "gun" until the latter part of September. J. then refused to accept the machine from the plaintiffs. The delay on part of the defendants was owing to the circumstance, of which plaintiffs were not aware, that at the time of undertaking to manufacture the "gun" the defendants had not a foreman competent to prepare certain patterns, without which it could not be made. It was held by

the Court of Appeal that the defendants had committed a breach of their contract for which they were liable to the plaintiffs in damages. Bramwell, L. J., rejecting defendants' contention that the words "as soon as possible," meant "as soon as I possibly can," said: "to do a thing 'as soon as possible,' means to do it within a reasonable time with an undertaking to do it in the shortest practicable time," and that the contract did not mean that defendants were not to deliver the "gun" until the state of affairs in their workshop should allow them to do so. Cotton, L. J., observed: That by the words under consideration the defendants must be taken to have meant that they would make the "gun" as soon as it could be made in the largest establishment with the best appliances, and not merely as quickly as the means at their disposal might allow, however rashly they might have entered into the contract; that the surrounding circumstances must be looked at, and that they plainly show that the plaintiffs required the defendants to supply the "gun" as quickly as it could be supplied, if they were provided with all proper appliances. See also Parsons on Contracts, (7th ed.), Vol. 2, 498, 535, 551; Addison on Contracts, Vol. 2, pt. 2, p. 1188; Atkinson vs. Brown, 20 Me., 67; Duncan vs. Topham, 8 M., G. & S. (65 Eng. Com. Law), 225; Thompson vs. Gibson, 8 M. & W., 281; Toms vs. Wilson, 4 B. & S. (116 Eng. Com. Law), 442; Atwood vs. Emory, 1 C. b. N. S., 110; Randall vs. Johnson, 59 Miss., 317;

Crooker vs. Holmes, 65 Me., 195; DeWolfe vs. French, 51 Me., 420; Williston vs. Perkins, 51 Cal., 554.

The position of counsel for plaintiff in error that a preexisting indebtedness to be liquidated on the happening of a future event is a feature of all cases in which the doctrine contended for by defendant in error is applicable, will be found to be untenable. Cocker & Co. vs. Franklin H. & F. Manufacturing Co., Ellis vs. McHaffie, *supra*.

It is true the parties might have provided by apt words that the delivery should commence at whatsoever time in the future the plaintiff might have a vessel ready to receive the lumber, if such had been their intention, but upon the authorities and facts of this case, we do not think such was their intention. Had the vessel been ready on the "tenth day of July," it would have been the duty of the defendant to commence delivering; the contract contemplated and the parties intended that he should be ready to commence delivering that day, and if the plaintiff had had his vessel ready to receive, and the defendant had not been ready to commence delivering on the day named, the latter would have been in default. To give to the words "or as soon thereafter as the vessel can be ready" the meaning contended for by plaintiff in error, or any more enlarged meaning than that he should have such additional time as under the circumstances would be reasonable for getting a vessel and having her ready, seems to us altogether inconsistent with the purpose or the parties, and entirely unreas-

onable. The demurrer admits that the plaintiff did not charter or procure a vessel within what, under the circumstances, was a reasonable time, and this being admitted the defendant was entitled to judgment.

The judgment should be affirmed, and it will be so ordered.