RUTH F. ISAACS v. MARY H. MULRAY, *et al.*

150 So. 232.
Division B.
Opinion Filed October 3, 1933.

*Stanly C. Myers* for Appellant;
*Daniel P. Galen* for Appellees.

BUFORD, J.—In this case appellant filed a creditors' bill to cancel certain alleged fraudulent conveyances alleged to

have been made by the appellee, Mary H. Mulray, to Mulray Holding Company without consideration and for the purpose of delaying and defrauding creditors and at a time when the appellant was the holder and owner of two certain promissory notes executed by Mary H. Mulray to the appellant prior to the alleged fraudulent conveyances. The bill of complaint was dismissed. Complainant appealed.

It was alleged that Mulray Holding Company was a dummy corporation created by the appellee and debtor for the sole purpose of being used to hold the record title of property actually belonging to the appellee and that all property held by the corporation was held in trust for the appellee.

We see no good purpose to be served by writing anything in addition to what has already been said by this Court as to the law in such cases.

In this case the bill alleges that the notes were reduced to judgment; that executions were issued and were placed in the hands of the Sheriff of Dade County and were returned unsatisfied because the Sheriff could find no property of the judgment debtor upon which to levy such execution.

The bill further alleges that judgment on one of the notes was recovered on the 14th day of May, 1931, and on the other note on the 5th day of March, 1931.

The record shows that the original bill of complaint was filed April 5, 1932, and the amended bill on November 15, 1932.

The law as enunciated by this Court in the case of Fleming et al. v. Otis Elevator Co., filed January 2, 1933, and reported in 145 Sou. 202, rules this case insofar as the sufficiency of the allegations of fraud are concerned. It is contended by the appellee that the bill of complaint con-

tained no equity because it failed to show that the debtor did not have other property at the time the alleged fraudulent conveyance was made. This is immaterial because it makes no difference whether a debtor is solvent or insolvent if he conveys property without consideration for the purpose of hindering or delaying creditors, the conveyance is in fraud of creditors and may be set aside by a court of equity. McKeown v. Allen, 27 Fla. 490, 20 Sou. 556; also Ostend Realty Co., v. Biscayne Realty Co., 99 Fla. 1221, 128 Sou. 643, and Weathersbee v. Dekle, filed January 2, 1933, reported 145 Sou. 198.

Appellee also contends that the cause of action is barred by the statute of limitations as expressed in Sec. 2939, R. G. S., 4663 C. G. L., paragraph 5. This contention is not tenable because the right to maintain creditors' bill does not accrue until suit has been filed at law to enforce the payment of the debt or until judgment is recovered and, even then, if it be alleged, as in the present case, that the property sought to be subjected to the judgment is held in trust for the judgment debtor, it may be that the suit to subject such property to the execution under the judgment might be considered as process in aid of the enforcement of the judgment which can be invoked at any time pending the life of the judgment.

It is not necessary for us to go that far in this case, however, because neither of the judgments which constituted the basis for the creditors' bill in this case was three years old at the time the creditors' bill was filed.

For the reasons stated, the decree appealed from should be reversed and it is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.