46 So.2d 184 (1950)
YOUNG
v.
McKENZIE.
Supreme Court of Florida, Division A.
May 5, 1950.
Clayton, Arnow & Duncan, Gainesville, for appellant.
Scruggs & Carmichael, Gainesville, for appellee.
THOMAS, Justice.
Thanks to the consideration counsel in this case had for the court and to their concern for a clear and concise presentation of the controverted point, the record consists of only seven pages.
In May, 1929, judgment was entered against D.P. McKenzie and by subsequent assignments eventually came into the hands of F.B. Marshburn, in 1940. Eight years afterward he secured the issuance of a writ of scire facias, and in January, 1949, he was awarded a judgment containing an order for execution "according to the force * * * and effect" of the original judgment. This execution was delivered to the sheriff a few days afterward and returned unsatisfied. The following March the holder commenced supplementary proceedings under Sections 55.52-55.61, Florida Statutes 1941, and F.S.A. and after some testimony and depositions had been taken, the court, in May, directed a rule nisi to certain parties to show cause why assets held by them should not be subject to execution.
*185 Then, June 1, 1949, the judgment debtor and the persons impleaded moved to quash the rule nisi on the ground, among others, that the initial judgment had expired by operation of law and the lapse of time.
The circuit judge granted the motion, reciting in his order that the present proceeding, although begun within twenty years of the entry of the first judgment, had not been completed within that period; also that it did not constitute an action upon a judgment under the Statute of Limitations, Section 95.11, Florida Statutes 1941, and F.S.A.
So far as judgments are concerned, the latter law simply provides that actions on them can only be commenced within twenty years, but it does not seem important to us to refer to this statute, except incidentally, as we agree with the statement of the circuit judge that the "proceedings supplementary" do not constitute "an action upon the judgment." As we have said, the lien of the judgment only confers the right to levy, and the holder "has no jus in re, but a mere power to make his general lien effectual by following up the steps of the law and consummating his judgment by an execution and levy on the land." Massey v. Pineapple Orange Co., 87 Fla. 374, 100 So. 170, 172.
We think the question in the present case must be decided by a determination of the period of efficacy of an execution because the purpose of the statutes, titled "Proceedings supplementary," is to aid the holder of a "valid and outstanding" execution to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to the execution. Such proceedings are not necessary to bring new life to the judgment itself or the lien of the judgment, and seem to bear no direct relation to it. They are in the nature of proceedings in discovery of property which should be made available to the execution. As we see it, they relate directly to the execution and are designed to aid in determining through judicial process what property the defendant may have or others may have for him that could be subjected to the execution; but we cannot reason with appellant that resort to these statutes would result, where the procedure was not concluded within the effective period of the execution, in prolonging the life of that writ.
To launch such procedure the "plaintiff in execution" files in the court "from which such execution issued" an affidavit merely stating that the writ is valid and outstanding, giving the residence of the defendant. That sets the machinery in motion which secures to him an examination of the defendant and, if the circumstances warrant it, of others who have been involved in gifts, transfers, or assignments of the defendant's property. Upon the information so obtained, the judge may order such property in the hands of the judgment debtor himself or others as the evidence justifies to be applied toward the satisfaction of the debt.
We have held that such procedure, although collateral to the main action at law and the judgment, is sufficiently independent to support a writ of error. Orange Belt Packing Co. v. International Agricultural Corporation, 112 Fla. 99, 150 So. 264.
But inasmuch as the whole proceeding is based upon the simple representation that the execution is "valid and outstanding," it seems to us that it may be commenced only when the execution has that efficacy, and that it can be continued only so long as it retains it.
Ever since March 15, 1844 when the act to amend the execution laws was enacted by the governor and the legislative council of the Territory of Florida it has been the law that the plaintiff "shall be entitled to his execution at any time within three years after the rendition of any judgment or decree, and upon the issue of his execution, shall be entitled to renew the same, upon the return to the Clerk's office, of the original execution, from time to time, for twenty years, unless the same be sooner satisfied." That precise language appears in Section 55.15, Florida Statutes 1941, and F.S.A., with the exceptions that *186 the word "issuance" appears instead of "issue" and the transposition of two or three commas, which seem to have no effect upon the meaning.
It seems clear from the language that the life span of an execution is not more than twenty years, for it may be revived or reanimated from time to time only within that period. There is no provision for lengthening it, but only for shortening it if it be sooner satisfied.
Even if we turn to Section 55.16, Florida Statutes 1941, and F.S.A., enacted in 1937, we find that an execution "shall be valid and effective during the life or effective period of the judgment on which issued * * *," and this sends us back to Section 95.11, which seems to fix the "life" of a judgment by providing, to state it in the negative, that after it is twenty years of age no action upon it may be commenced.
Reading the mentioned statutes together and undertaking to decide the point, on which we have none too much illumination, we are convinced that the execution was effective until the end of the twentieth year, when it expired by operation of the law, and that if the independent excursion in search of property on which levy could be made was not concluded within that period, it became futile for the very reason that if in "Proceedings supplementary" property liable to execution was discovered, it would have availed nothing if there was not at the time a valid execution to which it could be made subject.
We are fully conscious of the confusion that now exists in the present state of the statutes dealing with the subject of executions and the need of legislative definement and simplification. We have not attempted judicially to supply the want, but only by comparison of relevant laws to decide the point in the circumstances peculiar to this case.
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.