McCAIN, Judge.
Defendants, Edgar D. (Jack) Tyner and The Travelers Indemnity Company, appeal a final summary judgment entered in favor of the plaintiff, S. A. Woodruff, We reverse.
This complaint arose out of an alleged breach in a citrus sales contract by which the plaintiff sold a citrus crop to the defendant, Tyner, a licensed citrus dealer under the Florida citrus code of 1949 (F.S. 1963, Chapter 601, F.S.A.) who was bonded by the defendant, The Travelers Indemnity Company. Plaintiff made complaint to the commissioner of agriculture, and after a hearing an order was entered requiring Tyner to pay the sum of $6,102.17 to the plaintiff. The order, among other things, found an oral contract between the principals and further found a slowing down in the picking of the fruit by defendant, Tyner, and a failure to fulfill his promises to pick or pay, with a result that plaintiff was forced to sell the remaining merchantable fruit as salvage. The commissioner concluded Tyner had failed without reasonable cause to perform the contract. The award represented the difference between the $8,000.00 balance due under the contract and the $1,897.83 received by plaintiff for the remaining crop.
Not receiving payment, plaintiff instituted this action on the bond executed by Tyner as principal and Travelers as surety. In his complaint plaintiff alleged that by stopping his picking operation and refusing to pay the balance due under the contract defendant, Tyner, had breached the contract with resulting damage to plaintiff in the sum of $6,102.17. The defendants denied any breach of contract, denied any refusal to make payments and affirmatively asserted that the defendant, Tyner, had performed his agreement with plaintiff. In addition, a counterclaim was filed by Tyner alleging that he had resold the balance of the crop to a third party who was then prevented from picking the crop because *686 of plaintiffs so-called salvage sale of it without notice to him. Tyner alleged that as a result of plaintiffs actions he was deprived of his potential profit from the resale and claimed damages. Plaintiff denied any resale by Tyner and denied that he had sold the crop without notice to Tyner.
Pursuant to motion the trial court entered an order of summary judgment for plaintiff, finding there to be no genuine issue as to an}' material fact. The final judgment appealed from followed. No depositions were taken or affidavits filed, although the record contains a certified copy of the commissioner’s order. When the order was entered on January 22, 1965, F.S.1963, Section 601.66, F.S.A. provided that if any citrus dealer did not comply with an order for payment of money within the time specified, the person for whose benefit the order was made could file for those damages. The section further provided that “ * * * In any suit between the same parties involving the same facts as were involved in a proceeding under this chapter, the findings and order of the commissioner hereunder shall be prima facie evidence of the facts herein stated *
Defendants contend certain material issues of fact raised by both the complaint and counterclaim and the answers thereto were not disposed of by the commissioner’s order. Specifically those issues are as follows :
1. Whether Tyner had failed to perform his contract within a reasonable time, there being no time for performance fixed therein.
2. Whether Tyner had refused to perform his contract.
3. Assuming expiration of a reasonable time, whether plaintiff notified Tyner of his intention to resell the fruit before doing so.
The plaintiff argues these issues were disposed of within the terms and intent of the commissioner’s order which the court could consider as prima facie evidence.
The first issue alone requires reversal, thereby precluding the necessity of considering the other issues, which, parenthetically, do not carry the significance of the first. In the findings and conclusions of the commissioner, as well as in the pleadings in this cause, no time limit was specified for performance of the contract. Therefore, the party charged with the performance of such a contract must act in a reasonable manner and within a reasonable period of time. Cory v. Logan Coal & Supply Co., 5th Cir. 1931, 48 F.2d 28; Patrick v. Kirkland, 1907, 53 Fla. 768, 43 So. 969.
Accordingly, whether or not a reasonable time for performance had expired was a material issue, Givens v. Vaughn-Griffin Packing Co., 1941, 146 Fla. 575, 1 So.2d 714, in large part determinative of whether or not Tyner was in breach of the contract. What constitutes a reasonable time, of course, depends upon the circumstances at the time. Whiting v. Gray, 1891, 27 Fla. 482, 8 So. 726.
The commissioner does not find in his order that a reasonable time had or had not elapsed, although he does find that Tyner “ * * * failed, without reasonable cause, to perform. * * * ” This finding does not inevitably compel the conclusion that a reasonable time had expired. The record does not disclose what considerations influenced the commissioner’s decision. It may have been that he felt a reasonable time had expired. Equally probable is that he found the condition of the fruit was such that plaintiff was forced to salvage it. We cannot say as a matter of law that a reasonable time for performance of a citrus sales agreement is synonymous with the length of time dictated by the condition of the fruit and what would produce maximum yield.
*687 For us to conclude that the commissioner found that a reasonable time had expired, we would have to infer such from his order. This would be an inference in favor of a movant and would violate the rule to which we are committed that all inferences of fact from the proofs must be drawn in favor of the party opposing the motion. Jack Drury & Associates, Inc. v. City of Fort Lauderdale, Fla.App.1967, 203 So.2d 361; Lab v. Hall, Fla.App.1967, 200 So.2d 556.
Furthermore, although Tyner’s allegations of resale of the fruit to a third party are inconsistent with the commissioner’s finding that plaintiff was forced to sell the fruit in order to salvage it, the record nowhere reveals whether or not these allegations were considered in the administrative proceeding.
In short, it is not clear that the issues made by the pleadings in the case sub judice were the ones determined by the commissioner in his order of January 22, 1965, and therefore established as prima facie proof. Summary judgment is not to be granted in those instances where there exists controverted issues of material fact or where the supporting proofs to a motion fail to overcome every theory upon which, as framed by the pleadings, the opposing party’s position could be sustained. Posey v. Pensacola Tractor & Equipment Company, Inc., Fla.App.1962, 138 So.2d 777.
The burden is upon the movant for a summary judgment to show conclusively the non-existence of any material issue of fact, Holl v. Talcott, Fla. 1966, 191 So.2d 40, and upon the record before us plaintiff has not sustained this burden.
Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings. ■
Reversed and remanded.
REED, J., and SMITH, CULVER, Associate Judge, concur.