IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BIEL REO, LLC,

      Appellant,

v.

BAREFOOT COTTAGES
DEVELOPMENT COMPANY
LLC, A FLORIDA LIMITED
LIABILITY COMPANY,
CURTIS H. GWIN AND H. RAY
SHOULTS, WHITNEY
NATIONAL BANK, ET AL.,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-46

_____/

Opinion filed December 12, 2014.

An appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

Craig S. Barnett of Greenberg Traurig P.A., Fort Lauderdale, for Appellant.

Louis K. Rosenbloum, Pensacola, James L. Dye, and David P. Healy, Tallahassee,
H. Bart Fleet, and Whitney Leigh Smith, Shalimar, for Appellees.


OSTERHAUS, J.

      This case involves proceedings supplementary to execution, section 56.29,

Florida Statutes, which for almost 100 years has afforded an efficient and direct way

for judgment holders in Florida to identify a debtor's assets and satisfy an execution.

Curtis H. Gwin and H. Ray Shoults guaranteed a commercial loan from a bank to their development company for a project near Port St. Joe. Then within weeks of the company defaulting on the loan in 2008, Gwin and Shoults transferred millions of dollars into newly established irrevocable family trusts ("Family Trusts"). The Family Trusts named Gwin and Shoults as beneficiaries as co-tenants by the entirety with their wives. And their wives were named as the trustees. Later, after the bank obtained a $4.5 million judgment against Gwin and Shoults ("Debtors") in 2010, appellant Biel Reo, LLC, the assignee of the judgment, initiated proceedings supplementary to satisfy the execution; and they impleaded the trustees. The Trustees—Appellee Rita C. Gwin, as Trustee of the Gwin Family Irrevocable Trust, and Appellee Marion Buckley Shoults, as Trustee of the Shoults Family Irrevocable Trust—moved for summary judgment, which the trial court granted on the basis that Biel Reo's Family Trust-related claims were barred by laches and the Uniform Fraudulent Transfer Act's statute of limitations and could not otherwise survive. Biel Reo appealed.

We now reverse because proceedings supplementary may be initiated by a judgment holder for the life of the judgment, "[w]hen any person or entity holds an unsatisfied judgment or judgment lien" and files the requisite affidavit. § 56.29(1), Fla. Stat. Because Biel Reo holds a valid, unsatisfied execution and § 56.29(6)

2

entitles judgment creditors to proceedings supplementary in circumstances involving felicitous transfers of personal property to spouses, Biel Reo's action involving the Family Trusts is timely and can proceed.

## I.

## A.

We review the grant of summary judgment de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate only "if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id. (citing Menendez v. Palms West Condo. Ass'n, 736 So. 2d 58 (Fla. 1st DCA 1999)).

## B.

Section 56.29, Florida Statutes (2012), establishes "proceedings supplementary" to execution providing a speedy and direct means for "the holder of a valid and outstanding execution to ferret out what assets the judgment debtor may have . . . or [that others] may have received from him to defeat the collection of the lien or claim, that might be subject to the execution." See Young v. McKenzie, 46 So. 2d 184, 185 (Fla. 1950); Zureikat v. Shaibani, 944 So. 2d 1019, 1022-23 (Fla. 5th DCA 2006).[1] These proceedings are "equitable in nature," Ferguson v. State

---

[1] Section 56.29, Florida Statutes (2012), provides in relevant part that:

**Section 56.29   Proceedings supplementary. --**

Exchange Bank, 264 So.2d 867, 868 (Fla. 1st DCA 1972); "collateral to the main

action at law," Young, 46 So. 2d at 185; and designed "'to avoid the necessity of the

judgment creditor initiating an entirely separate action for a creditor's

bill.'" Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel.

Jackson-Platts, 110 So. 3d 6, 7-8 (Fla. 2d DCA 2012), reh'g denied (Feb. 8, 2013),

---

(1) When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.   *   *   *

(5) The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.

(6)(a) When, within 1 year before the service of process on him or her, defendant has had title to, or paid the purchase price of, any personal property to which the defendant's spouse, any relative, or any person on confidential terms with defendant claims title and right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him or her was not made to delay, hinder, or defraud creditors.

(b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under ss. 56.16-56.20.

4

review denied, 118 So. 3d 220 (Fla. 2013) (quoting Regent Bank v. Woodcox, 636 So. 2d 885, 886 (Fla. 4th DCA 1994)). The proceedings are intended to give "the most complete relief possible in satisfying [a creditor's] judgment." Riley v. Fatt, 47 So. 2d 769, 772 (Fla. 1950). And courts may "enter any orders required to carry out the purpose of this section to subject property or property rights of *any* defendant to execution."§ 56.29(9), Fla. Stat. (2012) (emphasis added).[2]

What is required for a judgment creditor to initiate proceedings supplementary to execution is to file a motion and an affidavit averring specific information about the judgment or judgment lien and the existence of an unsatisfied execution. § 56.29(1), Fla. Stat. The same applies when third parties are impleaded, Regent Bank v. Woodcox, 636 So. 2d at 886, in which case, the affidavit should also list the parties to be impleaded. Mejia v. Ruiz, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008). Once these prerequisites are met, a judgment creditor "is entitled to the proceedings supplementary," § 56.29(1); a court cannot deny a motion that meets the statutory prerequisites. See Biloxi Casino Corp. v. Wolf, 900 So. 2d 734 (Fla. 4th DCA 2005).

After initiation of proceedings supplementary, a judgment creditor may pursue assets held by the debtor, § 56.29(1)-(2); pursue the debtor's assets held by

---

[2] Effective July 1, 2014, Section 56.29(9) was amended to expressly include what has long been the law in Florida, that "entry of any orders" includes "entry of money judgments against any impleaded defendants[.]" The parties haven't argued that the amendment effects the issues here.

5

another, so long as the property is not exempt from execution, § 56.29(5);[3] or seek to void and execute upon debtor assets transferred to a spouse or other third party for purposes of delaying, hindering, or defrauding a creditor, § 56.29(6). See, e.g., Treated Timber Prods., Inc. v. S & A Assocs., 488 So .2d 159, 160 (Fla. 1st DCA 1986); see also State v. Viney, 163 So. 57, 60 (Fla. 1935). "Most often, . . . the procedure is used to challenge the fraudulent transfer of property that would otherwise be subject to execution." Philip J. Padovano, Florida Civil Practice § 13:6 (2014 ed.). Courts have broad powers in proceedings supplementary over personal property transferred to a third party by a debtor "'whether in the name or possession of third parties or not.'" Schwartz v. Capital City Nat'l Bank, 365 So. 2d 181, 183 (Fla. 1st DCA 1978) (quoting Viney, 163 So. at 60). But the rights of a third party must be respected by means of bringing them into the case:

> [N]o rights of such third parties should be adjudged to be affected, impaired, or finally cut off . . . unless [they] have been first fully impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims *as parties*[.]

Viney, 163 So. at 60; see also Pollizzi v. Paulshock, 52 So. 3d 786, 789 (Fla. 5th DCA 2010); Mejia v. Ruiz, 985 So. 2d at 1112-13.

---

[3] The legislature amended §56.29(5), effective July 1, 2014, but, again, the parties haven't argued that these changes effect the issues here.

II.

In 2012, Biel Reo initiated proceedings supplementary under § 56.29(5) and (6) and impleaded the Trustees. It hoped to satisfy its $4.5 million execution against the large sums that the Debtors had transferred from formerly revocable trusts into irrevocable Family Trusts after defaulting on the loan they had guaranteed.[4] The trial court found Biel Reo's Family Trust-related claims to be time-barred because § 56.29(6) makes use of substantive provisions of the Uniform Fraudulent Transfer Act (UFTA), see § 726.105, Fla. Stat., and § 56.29(5) makes use of substantive portions of § 736.0505, Fla. Stat. (involving creditor claims against trusts). The UFTA and § 736.0505 have shorter statutes of limitations that the trial court determined to have expired.[5]

The problem we have with the Trustees' statute of limitations argument is that it does not comport with the text of §56.29, or with the cases construing it. The first

---

[4] The record reflects that Shoults transferred over $3 million in assets to his Family Trust. The record does not reflect the amount of Gwin's transfer.

[5] Whether these statutes of limitations expired remains disputed by the parties here, but is unnecessary for us to resolve because we do not find them applicable.

Biel Reo also argues that the Family Trusts were reachable directly in proceedings supplementary under subsection (5) as self-settled trusts. But we agree with the trial court's reading of the terms of the trusts and affirm on this point. See, e.g., Amsouth Bank of Fla. v. Hepner, 647 So. 2d 907, 908 (Fla. 1st DCA 1994) ("A joint tenant whose interest is by the entireties, . . . does not have an interest that is subject to execution on a judgment lien."). Consequently, this opinion focuses more narrowly on Biel Reo's subsection (6)-based argument that the UFTA's statute of limitations does not apply.

7

sentence of § 56.29(1) expressly addresses when a creditor is entitled to avail itself of the statute's processes: "*When* any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55 [and files the requisite motion and affidavit] thereupon the judgment holder or judgment lienholder *is entitled to these* proceedings supplementary to execution." (Emphasis added.) According to the Florida Supreme Court in Young, 46 So. 2d at 185—a case involving an allegedly fraudulent transfer—once the requisite affidavit is filed by a creditor:

> That sets the machinery in motion which secures to him an examination of the defendant and, if the circumstances warrant it, of others who have been involved in gifts, transfers, or assignments of the defendant's property. Upon the information so obtained, the judge may order such property in the hands of the judgment debtor himself or others as the evidence justifies to be applied toward the satisfaction of the debt.

In Young, the Court linked the timeliness of initiating proceedings supplementary to "the period of efficacy of an execution," concluding that proceedings supplementary could be brought for the twenty-year life of the judgment. Id. at 185-86.

The Trustees would have us apply a different statute of limitations for proceedings supplementary that involve fraudulent transfers under §56.29(6) (which is when § 56.29 is most often used, see Padovano, Florida Civil Practice § 13:6). But we find no good reason to depart from Young. More recent cases continue to follow Young's lead. In Zureikat v. Shaibani, 944 So. 2d 1019, 1022-23 (Fla. 5th DCA 2006), for instance, a judgment debtor allegedly transferred funds and assets

8

to his family and purchased homestead property against which the judgment creditor sought execution under § 56.29. The debtor argued the UFTA and § 95.11(3)'s limitations periods barred proceedings supplementary. But the Fifth District rejected the argument, concluding that proceedings supplementary could be initiated during the life of the judgment and that "even the passage of over six years will not prevent, by operation of statute of limitations, a judgment creditor from initiating proceedings supplementary." Zureikat, 944 So. 2d at 1023.

Likewise in Ferre v. City Nat'l Bank of Miami, 548 So. 2d 701 (Fla. 3d DCA 1989), the Third District rejected statute of limitations and laches arguments made by an impleaded spouse who received more than a million dollars from her debtor husband. Almost a dozen years had passed between the entry of judgment against the debtor and the initiation of proceedings supplementary, but the court looked to the life of the judgment:

> The Supreme Court of Florida long ago indicated that an action to enforce a judgment *involving fraudulent conveyances to a member of the judgment debtor's family*, particularly when the judgment debtor continued to enjoy the benefits of the transferred asset, was viable for the life of the judgment. See Robinson v. The Springfield Co., 21 Fla. 203 (1885) and Isaacs v. Mulray, 112 Fla. 197, 150 So. 232 (1933).

Id. at 703-04 (emphasis added).

The cases cited by the Trustees do not compel the application of a different statute of limitations. Although the Trustees are correct that the manner of proving and defending fraudulent transfer claims under § 56.29 borrow substantively from

9

the UFTA,[6] this fact does not require the adoption of the UFTA's much shorter limitations period, because § 56.29's contrary scheme and precedent broadly establish the availability of proceedings supplementary for the life of the judgment, when a valid, unsatisfied execution exists.

## III.

We therefore reverse the trial court's grant of summary judgment insofar as it found Biel Reo's proceedings supplementary to be time-barred and remand for further proceedings supplementary under § 56.29(6). We affirm, however, the judgment below on the issue of whether the Family Trusts were self-settled and reachable by way of § 56.29(5).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

VAN NORTWICK, J., and FENSOM, JAMES B., ASSOCIATE JUDGE, CONCUR.

---

[6] See, e.g., Mejia, 985 So. 2d at 1112-13 (explaining that for purposes of § 56.29(6)(b), "[w]hether a defendant's actions are made or contrived to 'delay, hinder, or defraud' must be determined with reference to section 726.105(1) [UFTA]."); Nationsbank, N.A. v. Coastal Utilities, Inc., 814 So. 2d 1227, 1229 (Fla. 4th DCA 2002) (noting that the UFTA applies in determining whether a transfer to a third party is invalid); Morton v. Cord Realty, Inc., 677 So. 2d 1322, 1324 (Fla. 4th DCA 1996) ("Under section 56.29, it is the burden of the defendant to prove that a transfer was not a fraudulent transfer. The manner in which a defendant may prove that a transfer was not fraudulent is governed by case law and the UFTA.").