KHOUZAM, Judge.
Anthony Deluca, Marcus Ladd, DLC CPA’s Strategic Advisors, LLC, and Delu-ca Ladd & Associates (collectively the De-luca and Ladd parties) appeal the order denying their motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b). Because the Deluca and Ladd parties were not properly served, we reverse.
Sharon King obtained a default judgment against Deluca Ladd' & Carroll (DLC) for breach of contract. The Deluca and Ladd parties were not parties to the original suit. King subsequently filed a motion seeking to initiate proceedings supplementary under section 56.29, Florida Statutes (2014), and to implead the Deluca and Ladd parties. The trial court granted the motion in an order which provided: “This Order shall be served upon Implead-ed Defendants in accordance with Fla. Stat. § 56.29(3).” The order also directed the Deluca and Ladd parties to show cause why they should not be held liable under the judgment. King subsequently served the order on the Deluca and Ladd parties via U.S. mail.
The hearing on the order to show cause was held on January 22, 2015. When the Deluca and Ladd parties did not appear, a supplemental final judgment was entered. On April 17, 2015, the Deluca and Ladd parties filed a verified motion for relief from the supplemental final judgment under Florida Rule of ■ Civil Procedure 1.540(b), arguing that the judgment was void because they had not been personally served with the order to show cause. The trial court held a hearing on the motion, in which King argued that she had properly served the Deluca and Ladd parties because section 56.29(3) authorized service by mail on parties to be impleaded. The trial court agreed with King and denied the motion. In so ruling, the trial court misplaced its reliance on this court’s decision in Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts, 110 So.3d 6 (Fla. 2d DCA 2012).
The trial court erred in denying the motion to vacate. Contrary to the trial court’s conclusion, mailing the order to show cause was not sufficient service to confer jurisdiction over the Deluca and Ladd parties. Generally, orders on 1.540(b) motions are reviewed for an abuse of discretion. Phenion Dev. Grp., Inc. v. Love, 940 So.2d 1179, 1181 (Fla. 5th DCA 2006). However, a trial court has no discretion to refuse to vacate a void judgment. Id. Whether a judgment is void for lack of personal jurisdiction is reviewed de *76 novo. Wiggins v. Tigrent, Inc., 147 So.3d 76, 80 (Fla. 2d DCA 2014).
A judgment entered against a party that has not been served process is void. See Kathleen G. Kozinski, P.A. v. Phillips, 126 So.3d 1264, 1268 (Fla. 4th DCA 2013); see also Linn-Well Dev. Corp. v. Preston & Farley, Inc., 710 So.2d 578, 580 (Fla. 2d DCA 1998) (“A judgment entered against a defendant without. service of process is void and can be attacked on motion at any time.”); Falkner v. Amerifirst Fed. Sav. & Loan Ass’n, 489 So.2d .758, 759 (Fla. 3d DCA 1986) (“A judgment entered without due service of process is void.”).
Section 56.29, Florida Statutes (2014), entitled “Proceedings supplementary,” provides “a speedy and direct means for ‘the holder of a valid -and outstanding execution to ferret out what assets the judgment debtor may .have •... or [that others] may have received from him to defeat the collection of the lien or claim, that, might be subject, to the execution.’.” Biel Reo, LLC v. Barefoot Cottages Dev. Co., 156 So.3d 506, 508 (Fla. 1st DCA 2014) (alteration in original) (quoting Young v. McKenzie, 46 So.2d 184, 185 (Fla.1960)). Proceedings under the statute are equitable in nature.and collateral to the main action. Id. The statute is designed “to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor’s bill.” Fundamental Long Term Care Holdings, 110 So.3d at 8 (quoting . Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994)). -
To initiate supplemental proceedings under section 56.29, a creditor must file an affidavit or motion that contains the specified information under the statute. See § 56,29(1). On such a motion or affidavit, the trial court must require the defendant to appear before it and the order setting the hearing “shall be served in a reasonable time before the date' of the examination in the manner provided for service of summons or may be served on such defendant or his or her attorney as provided for service of papers in the rules of civil procedure.” § 56.29(2).[1]
When third parties are implead-ed, the same procedures applies, “in which case, the affidavit should also list the parties to be impleaded.” Biel Reo, LLC, 156 So.3d at 509. it is not necessary to file and serve an impleader complaint on the party to be impleaded. Fundamental Long Term Care Holdings, 110 So.3d at 11. - However,' “the rights of a third party must be respected by means of bringing them into the case.” Biel Reo, LLC, 156 So.3d at 509. That is,
no rights of such third parties should be adjudged to be affected, impaired, or finally cut off .... unless .[they] have been first fully impleaded and brought into the ease as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims as parties.
Id. (alteration in original) (quoting State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So. 57, 60 (1935)).
Section 56.29 does not alleviate the requirement that a trial court have jurisdiction over an impleaded party. See Jarboe Family & Friends Irrevocable Living Trust v. Spielman, 136 So.3d 666, 670 (Fla. 2d DCA 2014) (holding that a trial court must still have personal jurisdiction over *77 an impleaded defendant and remanding to the trial court to evaluate whether it had jurisdiction over impleaded nonresident defendant under Venetian Salami Co, v. Parthenais, 554 So.2d 499 (Fla.1989), and the long-arm statute). An impleaded third party must still be properly served in order to exercise jurisdiction. See Varveris v. Alberto M. Carbonell, P.A, 773 So.2d 1275, 1276 (Fla. 3d DCA 2000) (reversing judgment against impleaded defendant because it was “undisputed that [she] was not served personally or by a substituted method sufficient to confer jurisdiction upon the court”); see also Borden v. East-European Ins. Co., 921 So.2d 587, 591 (Fla.2006) (“Service of process is the means of notifying a party of a legal claim and, when accomplished, enables the court to exercise jurisdiction over the defendant and proceed to judgment.”).
Section 56.29(3) does not authorize service by mail of a party that has yet to be impleaded or joined into the proceedings. Rather, a party impleaded must still be' personally served “in the manner provided for service of summons,” while the order setting the hearing may be served on a “defendant” that has already been brought within the trial court’s jurisdiction “as provided for service of papers in the rules of civil proeédure.”
The trial court’s reliance on Fundamental Long Term Care Holdings, 110 So.3d 6, was misplaced. The manner of service was never at issue in that case as it was undisputed that “the new defendants were personally served with a copy of the order to show cause, as provided for in section 56.29(3).” Id. at 9. At issue in Fundar mental Long Term Care Holdings was whether a separate impleader complaint was required in order to implead a new defendant in proceedings supplementary. Broadly speaking, Fundamental Long Term Care Holdings dealt .with what needs to be served on a defendant im-pleaded in proceedings supplementary, not how such a defendant is to be served.
Accordingly, we reverse the order denying the Deluca and Ladd parties’ rule 1.540(b) motion and remand to the trial court with instructions to grant it' and vacate the supplemental 'final judgment.
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. We note that the legislature has recently amended the proceedings supplementary statute. See ch. 2016-33, Laws of Fla. Under the amended statute, after the judgment creditor files a proceedings supplementary motion, the trial court must issue a notice to appear. The notice "must be served as provided for in chapter 48,” which governs process and service of process. Id. The amendment will take effect July 1, 2016.