IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SUSAN S. KENNEDY,

     Appellant,

v.

RES-GA LAKE SHADOW, LLC,
LAKE SHADOW LIMITED,
LLC, AND WILLIAM G.
KENNEDY,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4708

_____/

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Walton County.
Thomas R. Santurri, Judge.

Robert E. McGill, III, of Robert E. McGill, III, P.A., Destin, for Appellant.

Kyle S. Bauman and Jeffrey L. Burns of Anchors Smith Grimsley, Fort Walton Beach, for Appellee RES-GA Lake Shadow, LLC.

No appearance for Appellees Lake Shadow Limited, LLC, and William G. Kennedy.


ON APPELLEE'S MOTION FOR REHEARING AND CLARIFICATION

We grant in part Appellee RES-GA Lake Shadow, LLC's Motion for Rehearing and Clarification, withdraw our previous opinion issued on June 23, 2017, and substitute the following opinion in its place.

PER CURIAM.

Susan S. Kennedy appeals an order denying her motion to vacate a writ of execution and sheriff's deed issued on her Panhandle condominium. RES-GA Lake Shadow, LLC (RES-GA), brought proceedings supplementary to execution related to a money judgment against Ms. Kennedy's former husband. Without impleading Ms. Kennedy into the case, RES-GA received a writ of execution and sheriff's deed giving it a one-half interest in a condominium that Ms. Kennedy had previously been awarded in the divorce. We reverse for due process-related reasons.

I.

In February 2014, RES-GA received a $5 million judgment in Georgia against William G. Kennedy. At the time, Mr. Kennedy was married to the Appellant Ms. Kennedy, but they divorced in Alabama seven months later in September 2014. RES-GA moved to domesticate its Georgia judgment against Mr. Kennedy in Florida. And it also instituted supplementary execution proceedings directed at Mr. Kennedy's interests in Florida, including a Sandestin condominium that he had previously owned with his wife Ms. Kennedy as tenants by the entirety. In the divorce, however, the final decree awarded Ms. Kennedy the condo as part of its wider distribution of ten real property interests that the Kennedys had owned.

2

In January 2015, after a hearing in the supplementary execution proceedings, the trial court approved RES-GA's request to consider Mr. Kennedy as part owner of the Sandestin condo. RES-GA's argument pointed to the Kennedys' final divorce decree as the basis for claiming that Mr. Kennedy still possessed a one-half interest in the property as tenants in common with Ms. Kennedy. The court agreed with RES-GA, converted the property to a tenancy in common, and permitted RES-GA to levy on Mr. Kennedy's apparent one-half interest in the condo. In April 2015, the court issued a writ of execution and authorized a sheriff's deed sale that ultimately conveyed RES-GA a right, title, and interest in the condo. Through all of this, Ms. Kennedy wasn't made a party to the supplementary execution proceedings or provided notice of it, even though the divorce awarded her the condo and she possessed a substantial interest in the property.

One month after the sheriff's deed sale, Ms. Kennedy intervened to set aside the writ of execution and vacate the deed. She appealed after the court denied her request for relief.

## II.

Ms. Kennedy argues on appeal that she should have been notified and impleaded into the supplementary execution proceeding before the trial court issued the writ of execution and sheriff's deed affecting the title to her condo. She is correct. Supplementary execution proceedings are designed to be "equitable in nature." *Biel*

3

*Reo, LLC v. Barefoot Cottages Dev. Co., LLC*, 156 So. 3d 506, 508 (Fla. 1st DCA 2014) (citing *Ferguson v. State Exch. Bank*, 264 So. 2d 867, 868 (Fla. 1st DCA 1972)). After a party initiates proceedings supplementary, a creditor may pursue assets held by the debtor, assets of the debtor held by another, or assets that have been fraudulently transferred to another. *See* § 56.29, Fla. Stat. But the rights of any third party interest-holders must be accounted for by impleading them into the proceeding and allowing them to defend their interests. *Biel Reo*, 156 So. 3d at 509. "It is well-settled that a party holding a claim adverse to both plaintiff and defendant must be brought into supplementary execution proceedings as a third-party defendant and given a full and fair opportunity to be heard before any adverse order may be entered." *Sanchez v. Century Everglades, LLC*, 946 So. 2d 563, 565 (Fla. 3d DCA 2006) (citing *Ryan's Furniture Exchange, Inc. v. McNair*, 162 So. 483, 487 (Fla. 1935)).

> No rights of such third parties should be adjudged to be affected, impaired, or finally cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have been first fully impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims *as parties* entitled to a full and fair hearing after the making up of defini[te] issues to be tried, and not as mere spectators or bystanders in the cause.

*State v. Viney,* 163 So. 57, 60 (Fla. 1935) (emphasis in original).

In this case, RES-GA submitted the Kennedys' Alabama divorce judgment for the trial court's review in the supplementary execution proceeding in support of

4

its argument that the Kennedys owned the condo as tenants in common. *See* § 689.15, Fla. Stat. Foreign judgments like these are typically entitled to full faith and credit. *See Farley v. Farley*, 790 So. 2d 574, 575 (Fla. 4th DCA 2001). In RES-GA's view, the statute rendered the Kennedys tenants in common with respect to the condo after their divorce, with Mr. Kennedy's half-interest subject to its levy. But what RES-GA's argument missed were explicit terms within that same divorce decree awarding Mr. Kennedy's interest in the condo fully to Ms. Kennedy: "The Wife shall be awarded the following real properties, subject to any outstanding mortgages: [the Sandestin Condo], Destin, FL. . . . The parties shall execute all documents necessary to carry out the terms of the Agreement. . . . This Agreement shall become effective upon the date of execution hereof as evidenced by the parties' signatures heron." Because Ms. Kennedy was awarded the condo in the September 2014 divorce decree, the trial court's 2015 orders in the supplementary execution proceeding should not have impaired her ownership interest without first bringing her into the case as a third-party defendant with a full and fair opportunity to be heard.

## III.

For these reasons, we REVERSE and REMAND with directions to vacate the writ of execution and the sheriff's deed as to the Sandestin condo, and for additional proceedings consistent with this opinion.

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.