DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UOWEIT, LLC,** a Florida limited liability company,
Appellant,

v.

**THOMAS W. FLEMING, ROBIN FLEMING,** and
**CARLTON FIELDS JORDEN BURT, P.A.,**
Appellees.

No. 4D19-270

[July 22, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case Nos. 502011CA003242XXXXMB and 502018CA008513XXXXMB.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellant.

Dean A. Morande and Michael K. Winston of Carlton Fields, P.A., West Palm Beach, for appellee Robin Fleming.

KUNTZ, J.

A creditor, Uoweit, LLC, holds a judgment against debtor Thomas Fleming. To collect on the judgment, it filed a post-judgment "supplemental complaint" to set aside purported fraudulent transfers of real property. The circuit court found that "the statute of limitations/statute of repose had expired" and dismissed the complaint with prejudice. We affirm.

### *Background*

According to the supplemental complaint, the debtor defaulted on mortgage payments for real property. When he defaulted, Steelers Trust 2010-1 sued him to foreclose a mortgage on 50 acres of farmland. Steelers Trust 2010-1 then assigned its interests to Steelers REO VII, LLC.

Two years later, the circuit court entered an agreed final judgment of foreclosure against the debtor. The final judgment ordered the 50 acres to be sold at a foreclosure sale and retained jurisdiction to enter a deficiency

judgment.  Steelers REO purchased the 50 acres at the foreclosure sale and later sold it to Lornco Farms, LLC.  Steelers REO also sold Lornco Farms its right to seek a deficiency judgment.

Lornco Farms obtained a deficiency judgment against the debtor for $587,451.72.  But Lornco Farms later assigned the deficiency judgment to Uoweit.

Years before the entry of the foreclosure judgment, as part of the debtor's divorce from his now-former wife Robin Fleming, he deeded his interest in a separate, adjacent 350-acre parcel of real property to his former wife.  The supplemental complaint alleged that, despite the divorce, the couple continued to cohabitate, and the debtor continued to control, manage, and operate the property.

Over seven years after the debtor deeded the 350-acre parcel to his former wife and over one year after the creditor acquired the deficiency judgment in the foreclosure action, the creditor filed a supplemental complaint against the debtor's former wife as an impleaded third-party defendant.  The creditor sought to: set aside allegedly fraudulent transfers from the debtor to his former wife, impose a constructive trust over assets transferred to the former wife, and obtain money damages.

The former wife moved to dismiss the supplemental complaint.  In her motion to dismiss, she argued that the right to challenge the transfer of real property to her in the divorce expired two years before the creditor filed the supplemental complaint.

The circuit court found that "the statute of limitations/statute of repose ha[d] expired."  The court cited *National Auto Service Centers, Inc. v. F/R 550, LLC*, 192 So. 3d 498 (Fla. 2d DCA 2016), and found that "[t]he statute of repose or more aptly described, the 'one year savings clause' under the Uniform Fraudulent Transfer Act was triggered by the sale which occurred in April 2017."  Because the creditor did not bring the claims within a one-year period, the court found the claims were barred and dismissed the complaint.

### *Analysis*

The creditor argues that section 726.110, Florida Statutes (2018), is inapplicable to proceedings supplementary under section 56.29, Florida Statutes (2018).  We disagree and affirm.

2

Proceedings supplementary are post-judgment proceedings conducted within the original proceeding. The process "allow[s] for a judgment creditor 'to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to the execution.'" *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018) (quoting *Young v. McKenzie*, 46 So. 2d 184, 185 (Fla. 1950)).

Section 56.29 governs a proceeding supplementary, but the statute "does not regulate this procedure in detail, . . . and its application in the real world can become messy." *Nat'l Auto Serv. Ctrs., Inc.*, 192 So. 3d at 502.

Historically, a judgment creditor could start proceedings supplementary for the life of the judgment. *See Biel Reo, LLC v. Barefoot Cottages Dev. Co., LLC*, 156 So. 3d 506, 510 (Fla. 1st DCA 2014). Courts characterize proceedings under section 56.29 as "post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing[,] . . . not independent causes of action," and a section to which outside statutes of limitation or repose do not apply. *Zureikat v. Shaibani*, 944 So. 2d 1019, 1022–23 (Fla. 5th DCA 2006); *see also Young*, 46 So. 2d at 185–86; *Ferre v. City Nat'l Bank of Miami*, 548 So. 2d 701, 703 (Fla. 3d DCA 1989).

But claims brought under chapter 726, the Uniform Fraudulent Transfer Act ("UFTA"), have a shorter statutory period before the claims are extinguished. Section 726.110, Florida Statutes (2018), titled "[e]xtinguishment of cause of action," provides a specific limitation period:

> A cause of action with respect to a fraudulent transfer or obligation under ss. 726.101-726.112 is extinguished unless action is brought:
>
> (1) Under s. 726.105(1)(a), within 4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant;
>
> (2) Under s. 726.105(1)(b) or s. 726.106(1), within 4 years after the transfer was made or the obligation was incurred; or
>
> (3) Under s. 726.106(2), within 1 year after the transfer was made or the obligation was incurred.

3

§ 726.110(1)–(3), Fla. Stat.  This statute extinguishes claims under the UFTA long before a claim in a proceeding supplementary is extinguished.

In this case, the issue is whether that shorter period applies to the creditor's claims.

As noted, historically a judgment creditor could bring claims in a proceeding supplementary for the life of the judgment.  *Biel Reo, LLC* adheres to that history.  There, the First District held that the statute of limitation in the UFTA did not apply to proceedings under section 56.29.  *Biel Reo, LLC*, 156 So. 3d at 507–08.  The court held that applying the statute of limitation to those claims "[did] not comport with the text of § 56.29, or with the cases construing it."  *Id.* at 510.

The First District pointed out that the statute "expressly addresse[d] when a creditor is entitled to avail itself of the statute's processes: 'When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55 . . . .'"  *Id.* (emphasis removed).  Further, the court declined to apply the UFTA's statute of limitation "because § 56.29's contrary scheme and precedent broadly establish the availability of proceedings supplementary for the life of the judgment, when a valid, unsatisfied execution exists."  *Id.* at 511.  So, the court in *Biel Reo, LLC* barred the application of a statute of limitation to claims of proceedings supplementary.

But the court in *Biel Reo, LLC* interpreted the 2012 version of the statute, and the legislature has since amended it.[1]  In 2014, "for the first time, the Florida legislature specifically incorporated 'the provisions of chapter 726 and applicable rules of civil procedure' in connection with 'claims concerning the judgment debtor's assets brought under chapter 726.'"  *In re British Am. Ins. Co. Ltd.*, 607 B.R. 753, 760 (Bankr. S.D. Fla. 2019) (quoting § 56.29(5), Fla. Stat. (2014)).  The 2014 amendment added the following italicized language:

> (5) The *court* may order any property of the judgment debtor, not exempt from execution, in the hands of any person, *or any property, debt, or other obligation* due to the judgment debtor, to be applied toward the satisfaction of the judgment debt. *The court may entertain claims concerning the judgment*

[1] The court acknowledged the 2014 statutory amendments in multiple footnotes but stated the parties did not argue the amendments applied to the case.  *Biel Reo, LLC*, 156 So. 3d at 509 nn.2–3.

> *debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 are subject to the provisions of chapter 726 and applicable rules of civil procedure.*

Ch. 2014–182, § 17, Laws of Fla. (emphasis added) (amending § 56.29(5), Fla. Stat.).

The legislature again amended the statute in 2016. *See* ch. 2016–33, § 18, Laws of Fla. The 2016 amendment, which also renumbered certain subsections, states:

> (9) The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 brought under this section shall be initiated by a supplemental complaint and served as provided by the rules of civil procedure, and the *claims under the supplemental complaint are subject to chapter 726 and the rules of civil procedure.* The clerk of the court shall docket a supplemental proceeding under the same case number assigned to the original complaint filed by the judgment creditor or the case number assigned to a judgment domesticated pursuant to s. 55.01, shall assign a separate supplemental proceeding number, and shall assign such supplemental proceeding to the same division and judge assigned to the main case or domesticated judgment.

Ch. 2016–33, § 18, Laws of Fla. (emphasis added) (adding and renumbering § 56.29(9), Fla. Stat.).

The statute is clear. As amended in 2014 and 2016, the statute now specifically permits claims under chapter 726 in a proceeding supplementary. But those claims are subject to chapter 726 and the rules of civil procedure. *See Fla. Wellness & Rehab. v. Allstate Fire & Cas. Ins. Co.*, 201 So. 3d 169, 172 (Fla. 3d DCA 2016) ("[T]he phrase 'subject to' is very commonly used to signal subordination." (quoting *Allstate Fire & Cas. Ins. v. Stand-Up MRI of Tallahassee, P.A.*, 188 So. 3d 1, 4 (Fla. 1st DCA 2015))); *St. Augustine Pools, Inc. v. James M. Barker, Inc.*, 687 So. 2d 957, 958 (Fla. 5th DCA 1997) (defining "subject to" as "liable, subordinate,

subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable" (quoting Black's Law Dictionary 1425 (6th. ed. 1990))).

In other words, chapter 726 governs the timeliness of a UFTA claim brought under section 56.29(9). The circuit court therefore correctly applied chapter 726 and the limitation period found in that chapter when it dismissed the creditor's claims.

### *Conclusion*

The circuit court's dismissal of the supplemental complaint is affirmed.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***